JOSEPH DANGELO *vs.* MARY FARINA.

Middlesex.   January 7, 1942. — January 29, 1942.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Practice, Civil,* Requests, rulings and instructions; Appellate Division: appeal; Variance. *Error,* Whether error shown. *Contract,* Sale of real estate. *Frauds, Statute of.*

No reversible error was shown in the denial by a District Court judge of a request by the defendant for a ruling that there was evidence sufficient to warrant a finding in his favor, where, although there was such evidence, the judge made specific findings contrary thereto respecting all matters in issue.

Proof, that, after an owner of land subject to a mortgage had deeded it to a creditor as security for payment of his debt, the creditor, at the request of the debtor and his wife and in consideration of their promise to pay the debt, deeded the land to the wife subject to the mortgage, was not at variance with allegations that the creditor, "owner" of the land, conveyed the equity of redemption to the wife in accordance with such promise or that the defendant owed the plaintiff the amount of the debt as the "agreed price" of the equity of redemption.

After a conveyance of land, the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, was not a bar to an action by the grantor against the grantee to recover a sum which, under an oral agreement between the parties, the defendant had promised to pay the plaintiff for such conveyance.

CONTRACT.   Writ in the District Court of Newton dated July 18, 1939.

The case was heard by *Weston, J.*

*T. F. Donnelly,* for the defendant.

*J. Finelli,* for the plaintiff.

RONAN, J.   This is an action of contract to recover the agreed price of the equity of redemption in certain premises — which was also the amount due upon a note made by the defendant's husband — which the plaintiff conveyed to the defendant in consideration of the promise of the defendant and her husband to pay the balance due on the note. The judge found for the plaintiff and the defendant appeals from an order of the Appellate Division dismissing the report.

There was evidence that Michael Farina, the defendant's husband, gave the plaintiff, in 1922, a promissory note for $450; that he made various payments thereon, the last one being in 1936; that Farina, in 1929, conveyed certain premises to the plaintiff, as security for the payment of the note, by a deed in which the defendant released all right of dower and homestead; that the plaintiff, in accordance with the request of the defendant and her husband, conveyed these premises, in 1937, to her in consideration of their promise to pay him the balance due on the note; but that nothing has since been paid to the plaintiff. The defendant denied that she was indebted to the plaintiff, and set up in her answer the statute of limitations, and that portion of the statute of frauds that bars an action on a contract concerning an interest in land where the contract is not evidenced by a writing signed by the party to be charged or his agent.

The judge was right in refusing the first and sixth requests for rulings, to the effect that the evidence was insufficient to warrant a finding for the plaintiff or to sustain the burden of proof. The evidence was ample to support the general finding for the plaintiff. The judge, however, should have granted the second request, that there was evidence sufficient to warrant a finding for the defendant.[1] The defendant had testified that she did not owe anything to the plaintiff. It would not have been inconsistent for the judge to have granted the request and then, after weighing all the evidence, to have found for the plaintiff. *Commonwealth* v. *Hull*, 296 Mass. 327. *Marquis* v. *Messier*, 303 Mass. 553. There was error in denying this request unless the record clearly shows definite and specific findings which rendered immaterial the denial of the request. The judge made detailed findings of fact which in all material respects were contrary to the evidence introduced by the defendant and these findings, which were made upon all matters then in issue, supported and required a general finding for the plaintiff. It thus appears that the decision reached by the judge was not affected by the denial of the request. Under

[1] The judge stated that he refused this request "because I find as a fact there is sufficient evidence to warrant a finding for the plaintiff." — REPORTER.

these circumstances, the failure to grant the request does not constitute reversible error. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455. *Ajax Shoe & Leather Co.* v. *Selig,* 305 Mass. 389. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446.

The plaintiff's declaration contained two counts. The first alleged that the plaintiff, the owner of certain premises, conveyed the equity in the said premises above an existing mortgage to the defendant in accordance with an agreement with her to pay him a certain sum which she had neglected and refused to pay. The second count was upon an account annexed for a certain sum for the "agreed price of equity above mortgage" in the same premises as those described in the first count. The judge found that the defendant and her husband deeded the premises mentioned in the declaration to the plaintiff as security for the payment of the note and that thereafter the plaintiff, at the request of the defendant and her husband and in consideration of their promise to pay the note, conveyed the premises to the defendant. The defendant contends that the plaintiff was never the owner of these premises; that, although they were conveyed to him by a deed "absolute in form," all that the plaintiff got was an equitable mortgage; that the equity of redemption was in the defendant's husband; and that, when the plaintiff conveyed these premises to her, all she really got by her deed was the assignment of an equitable mortgage. The defendant therefore contends that there was a variance between the proof and the pleadings and that the judge should have granted her third request that the evidence of the plaintiff was at variance with his declaration. There was testimony of the plaintiff that there was a mortgage upon the premises during the time that the plaintiff held the title to the property and that when the defendant and her husband requested the plaintiff to deed the property to the defendant they promised to pay him from the proceeds of a new coöperative bank mortgage. A conveyance by him subject to an existing mortgage could be properly described as a conveyance of the equity of redemption. The judge found that the defendant, in con-

sideration of the conveyance to her by the plaintiff, promised to pay him the amount due on the note. That was the gist of the case and was within the scope of the declaration. The judge was right in denying the request. *Benjamin* v. *Dockham*, 134 Mass. 418. *American Fireworks Co.* v. *Morrison*, 300 Mass. 531.

The statute of frauds was not a defence and the judge properly refused to give the fifth requested ruling that it was. The defendant argued before us that the promise by the defendant to pay her husband's note was a promise to pay the debt of another. G. L. (Ter. Ed.) c. 259, § 1, Second. That was not open under her answer, and if it were we do not intimate that there would be error in refusing the request. Here the defendant by virtue of her promise to the plaintiff had become the record owner of the property. *Kahn* v. *Waldman*, 283 Mass. 391. *Colpitts* v. *L. C. Fisher Co.* 289 Mass. 232. *Doodlesack* v. *Superfine Coal & Ice Corp.* 292 Mass. 424. All that the answer set out in respect to the statute was that the plaintiff .was attempting to charge her upon a contract concerning an .interest in land when neither she nor her agent had signed any memorandum of such a contract. G. L. (Ter. Ed.) c. 259, § 1, Fourth. The oral agreement to convey the land was within the statute, *Palumbo* v. *James*, 266 Mass. 1; *Andrews* v. *Charon*, 289 Mass. 1; *Montuori* v. *Bailen*, 290 Mass. 72, but the conveyance having been executed the grantor was not barred by the statute from enforcing the promise of the grantee to pay the purchase price. *Wilkinson* v. *Scott*, 17 Mass. 249. *Nutting* v. *Dickinson*, 8 Allen, 540. *Basford* v. *Pearson*, 9 Allen, 387. *Parker* v. *Coburn*, 10 Allen, 82. *Townsend* v. *Hargraves*, 118 Mass. 325. *Root* v. *Burt*, 118 Mass. 521. Am. Law Inst. Restatement: Contracts, § 193 (3). 2 Williston (Rev. ed.) Contracts, § 493.

*Order dismissing report affirmed.*