*Northern District*
No. 4629

**CARLOS DE SOUZA**

v.

**JAMES D. ANGELAROUS and
DEMOSTHENES GRATRELIS,
d/b/a SOMERSET LUNCH**

(April 7, 1953)

*Eno, J.* This is an action of tort by which the plaintiff seeks to recover for personal injuries sustained by him, while he was a customer in a restaurant owned and operated by the defendants. The answer is a general denial with an allegation of contributory negligence.

Briefly summarized the evidence is as follows: While the plaintiff was sitting in a booth in the defendants' restaurant, where food and intoxicating liquors are sold, a fist fight occurred between two other customers, unknown to the plaintiff. Afterwards one of these participants continued to shout abusive language to the other and his companions. Fearing a resumption of the fracas the plaintiff left his booth and walked to the front of the store for the purpose of finishing his glass of beer. Thereafter one of the persons to whom the other customer was shouting epithets and abuses threw a glass ash tray at him. It missed him, but broke in pieces, on a cigar-

ette machine, some of the pieces cutting and injuring the plaintiff.

There was also evidence that although one of the defendants and a waitress were present, they did nothing to stop the altercation or remove the participants.

The plaintiff filed seven requests for rulings, some of which the judge allowed and some he denied. The plaintiff, however, argued only on the denial of his first request, which was: "The evidence warrants a finding for the plaintiff." In denying this request the trial judge made a written memorandum stating:

"Denied as I find on all the evidence that the plaintiff has not sustained the burden of proving that the defendants or either of them, failed to exercise reasonable or ordinary care for the safety of plaintiff in the circumstances in this case, which finding renders this request immaterial."

We treat the other requests as having been waived.

This request was proper to raise the question of the sufficiency of the evidence. As was said in *Dangelo v. Farina*, in 310 Mass. 758, 759, "It would not have been inconsistent for the judge to have granted the request and then, after weighing all the evidence, to have found for the defendant." However, we think the requested ruling was made immaterial by the finding that the plaintiff had not sustained his burden of proof that the defendants had failed to exercise reasonable or ordinary care for the safety of the plaintiff. *Liberatore v. Framingham*, 315 Mass. 538, 541.

We do not interpret this finding as being one of law, as the plaintiff argued, but simply as one of fact showing that the judge was not satisfied upon all the evidence that the plaintiff had sustained his burden of proof.

There being no prejudicial error the report is to be dismissed.

Guterman & Guterman, Attorney for the plaintiff.