*Southern District*

## GILCHRIST COMPANY
v.
## ANDREW T. TALAMAS

—— 1957

*Present:* NASH, P. J., COX AND CALLAN, JJ.

*Callan, J.* The only question for determination in this action of contract is whether the judge erred in his action on the defendant's requests for rulings.

The material evidence, which does not appear to be in dispute, shows that the defendant purchased a rug together with a pad from the plaintiff for a total price of $261.60. Two payments were made on account totaling $174.40. At the time of purchase the plaintiff's salesman suggested a new type of rug which had a special chemical treatment so that it would absorb stains, would not soil and could be spot cleaned with a damp sponge. After receiving the

rug the defendants spilled milk on it and the rug became stained. Complaints were made by the defendant and his wife to the plaintiff about the condition of the rug, that it was not as represented and offered to return it. There was evidence that the defendant's wife used a certain chemical cleaner on the rug and that it bleached out as a result.

The plaintiff in this action seeks to recover the balance due of $87.20 with interest and the defendant seeks to recover in recoupment in the amount of $261.60.

Several requests for rulings were duly filed by the defendant but we are concerned here with only No. 2, which was as follows:

2. The evidence *warrants* a finding that there is a breach of warranty by the plaintiff and the defendant has rescinded the sale and is entitled to return the rug and recover the price which has been paid. (Emphasis added).

The judge ruled on this request as follows:

2. "Denied. See findings."

The judge found for the plaintiff for the amount claimed. Special findings of facts were made by him. Because of the judge's action on the request the defendant claims to be aggrieved and seeks determination by this court.

We are of the opinion that there was no error by the judge in his action on request No. 2. The defendant in his request in substance asks the court to rule that the evidence *warrants* a finding that there was a breach of warranty by the plaintiff. Even if that were true, the requested ruling became immaterial by the finding made, after consideration of all the evidence, that a breach of warranty was not proved. *Brodeur v. Seymour*, 315 Mass. 527, 529-530; *Dangelo v. Farina*, 310 Mass. 758.

The judge in his findings of facts stated that "On all of the evidence" he found, among other things, there was no breach of warranty by the plaintiff.

In the case of *Liberatore v. Framingham*, 315 Mass. 538 it was stated by Lummus, J., that "where a judge sitting without a jury in making his decision does consider all the evidence, and his decision does not result from any conviction, that the evidence is insufficient as matter of law, he need not hesitate to grant such a requested ruling if he believes it to be correct, instead of raising a really moot, but nevertheless dangerous question by refusing or ignoring it. *Strong v. Haverhill El. Co.*, 299 Mass. 455, 456; *Marquis v. Messier*, 303 Mass. 553, 555, 556; *U. S. F & G Co. v. Sheehan*, 308 Mass. 321; *Dangelo v. Farina*, 310 Mass. 758, 759; *Hoffman v. Chelsea*, 315 Mass. 54.

"If, in such a case, however, a judge chooses to take the opposite course of refusing the requested ruling, either expressly or impliedly by ignoring it and decides the case against the party presenting the request he should make such findings stated to be findings of facts upon all the evidence, as will show that his decision is not the result of any ruling that the evidence is insufficient as matter of law to warrant a finding in favor of that party."

The judge made detailed findings and his conclusion on all the evidence has rendered the request inconsequential. We find no prejudicial error and order the report dismissed. *So ordered.*

Benjamin Nesson, for the Plaintiff.
Thomas R. Saad, for the Defendant.