*Northern District*
### A.D. No. 5816
### MARY JANKOWSKI
#### v.
### SUPREME MARKETS, INC.

March 18, 1964

*Present*: Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District. No. R306.

*Eno, J.* This is an action of tort for injuries rceived as result of an alleged fall on a piece of chicken fat in the defendant's premises. The answer is a general denial, contributory negligence, assumption of the risk and the statute of limitations.

The reported evidence is very meagre and is here quoted in full:

"It was agreed that the defendant was in control of a self-service super market at 540 Gallivan Boulevard, Dorchester.

At the trial there was evidence produced by the plaintiff who was the only witness tending to show:

That the plaintiff went to the Supreme Markets on May 10, 1960, to buy meat.

That while in the market she fell down on chicken fat.

That she fell on her face, stomach and knees and that she broke her fall with her hands.

That the chicken fat was on the floor 18″ to 20″ from a rotisserie; that in the rotisserie there (sic.) were cooking chickens.

That the plaintiff did not know how long the said chicken fat was on the floor nor did she see it before she slipped.

That the plaintiff suffered certain injuries and that she was treated by a doctor for same."

The trial judge denied the following requests for rulings of law of the defendant:

"1.	The evidence does not warrant a finding for the plaintiff.

2.	The evidence *warrants* a finding for the defendant.

3.	The evidence does not warrant a finding that the defendant, its agents, servants, or employees were negligent."

and made the following findings of facts:

"I find the fact to be that the plaintiff was in the exercise of due care and that the defendant was negligent."

The report states that it "contains all the evidence material to the question reported."

The defendant contends that a finding for the defendant was required as a matter of law and that it was prejudicial error to deny its first and third requests for rulings of law.

The defendant also contends that it was prejudicial error to have denied its second request.

We consider this latter request first.

■ Such a request is the proper method to raise the question of the sufficiency of the evidence and a refusal to grant it is usually error unless the trial judge by clear and definite findings has demonstrated that it was inapplicable or immaterial because of his findings. *Bresnick v. Heath,* 292 Mass. 293, 298-299; *Quality Finance Co. v. Hurley* 337 Mass. 150, 152; *Rock-Ola Mfg. Corp. v. Music & Tel. Corp.,* 339 Mass. 416, 422-423; *Belger v. Arnot,* 344 Mass. 679, 680-681.

 We are of opinion that the finding "that the defendant was negligent" is merely a conclusion and is not sufficient to make the request "inapplicable or immaterial". No facts are reported or found that would substantiate such a conclusion. *Hoffman v. Chelsea*, 315 Mass. 54, 57.

This kind of error would only result in an order vacating the finding and ordering a new trial, so we now must consider the defendant's first and third requests for rulings and decide if a finding for the defendant was required on the reported evidence.

The plaintiff had the burden of proving the defendant's negligence by a fair preponderance of the evidence. The plaintiff was the only witness and she testified that she fell on chicken fat, 18"-20" from a rotisserie where they were cooking chickens. Further she did not know how long that chicken fat was on the floor and that she did not see it before she slipped.

 The evidence fails to show that the defendant, or any of its agents or employees, rather than some customer was responsible for the dropping of the chicken fat, or that it had been on the floor long enough to charge the defendant with negligence. *Rosenthal v. Central Garage of Lynn, Inc.,* 279 Mass. 574; *Beach v. S. S. Kresge Co.,* 302 Mass. 544 and cases cited therein; *Wyman v. McLellan Stores Co.,* 315 Mass. 117, 118, 119; *Chastain v. Hotel Commander, Inc.,* 336 Mass. 603, 605; *Kanter v. Mass. Wholesale Food Termi-*

*nal, Inc.,* 340 Mass. 339, 340-341; See also *Newell v. W. Filene's Sons Co.,* 296 Mass. 489 (a dirty orange on a stairway); *Foley v. Hotel Touraine Co.,* 326 Mass. 742 (a tar-like substance with a crust on top and soft underneath); *Uchman v. Polish National Home, Inc.,* 330 Mass. 563 (black banana peel on steps); *Kelleher v. Dini's, Inc.,* 331 Mass. 217 (vegetable on stairway of restaurant); *Rioux v. McLellan Stores Co.,* 337 Mass. 768 (sticky substance looking like caramel candy).

There was, therefore, prejudicial error in the denial of the defendant's first and third requests for rulings. The finding for the plaintiff is vacated and a new finding is to be entered for the defendant.

John P. Driscoll, of Boston, for the Plaintiff.

J. M. McDonnell, of Boston, for the Defendant.