*Northern District*

No. 7499

**BARRY DeFRANCO, P.P.A.**

v.

**MASSACHUSETTS PORT AUTHORITY**

Argued: Mar. 18, 1971 - Decided: June 3, 1971

*Present:* Parker, P. J., Cowdrey, Mason, J.

Case tried before *Rizzotto, J.*, in the Municipal Court of the East Boston District No. 90-56 of 1969.

**Parker, P. J.** This is an action of tort in which it is claimed that the minor plaintiff suffered personal injuries as a result of the negligence of the defendant. Count one is for Barry's injuries and Count two is for medical expenses incurred by Barry's mother. The defendant's answer was a general denial, contributory negligence and assumption of risk. There was a finding for the plaintiff on both counts.

At the trial there was testimony tending to show that Barry was three years old and that he was walking with his father and mother in the area of the Northeast Ticket Counter at Logan Airport on 10 August 1968 at about 11:30 A.M. Barry was walking ahead of his parents as they were returning to their car. Barry turned around and then walked into the corner of a banister which had a sharp edge, a broken piece of metal 2½ inches long that was crusty and all dirty. Barry was taken by his mother to the Medical Aid Station at the Airport and then to the Revere Memorial Hospital where he was treated by a doctor. He saw the doctor six times, the last visit being 14 September 1968. His eye was black and blue for ten days. All signs of the injury were gone within one month of the accident.

The defendant seasonably filed four requests for rulings which were denied. The defendant

claims to be aggrieved by the court's denial of his requests 1, 3 and 4 reading as follows:

1. The evidence does not warrant a finding that the defendant, its agents or servants were negligent.

3. The evidence does not warrant a finding that the negligence of defendant proximately caused the alleged injuries and damage.

4. As a matter of law, the defendant breached no legal duty owed by it to the plaintiff.

The question of control over the locus of the accident has not been raised by the defendant in its brief or in its argument, or by its requests for rulings. We, therefore, consider that the question of control has been waived by the defendant and that the defendant was in control of the locus. See also St. 1956, c. 465, §1(a) as amended by St. c. 967 c. 869, §4 and St. 1956, c. 465, § 5.

*1.* The bannister being in the control of the defendant and having a sharp edge at the time of the injury, it is reasonable to assume that this condition is more likely to be due to the negligence of the defendant than to some other cause and a case on these facts can be made out without carrying the actual proof beyond the existence of the defect causing injury to the plaintiff. *Mayeh* v. *Trustees of N. Y., N. H., and Hartford RR.*, 320 Mass. 339.

The extent of the control and the condition

of the bannister with a sharp edge may reasonably be ascribed to the defendant rather than to another and that an inference of negligence was warranted. *Brady* v. *Great Atlantic & Pacific Tea Co.*, 336 Mass. 386. *Altman* v. *Barren's, Inc.*, 343 Mass. 43.

There was no error in the denial of the defendant's request #1.

2. Since it appears that there was evidence upon which the court could find that the defendant was negligent, was that negligence the proximate cause of the plaintiff's injury? The bannister had a sharp edge. It was in a place where the plaintiff could rightfully be. The plaintiff walked into it. From this it could be inferred that the sharp edge was the proximate cause of the accident. *Brady* v. *Great Atlantic & Pacific Tea Co.*, 336 Mass. 386. *Altman* v. *Barron's, Inc.*, 343 Mass. 43.

3. Since the evidence shows that the plaintiff was properly on the premises under control of the defendant, and that there was a proper inference that could be made that the defendant was negligent, the defendant's requests were properly denied. *See cases cited supra.*

**The report will be dismissed.**

MELVIN RAVECH
   of Boston for Plaintiff.
FRANCIS X. KILEY
   for Defendant.