*Southern District*
No. 22811.

## LINDA HALL

*v.*

## ESTHER DAGGETT

Argued: Jun. 30, 1971 - Filed: Sept. 20, 1971

*Present:* Murphy, P.J., Lee, Covett, J.J.

Case tried to *White J.,* in the Third District Court of Plymouth, No. 22811

**Murphy, P.J.** This is an action of tort for property damage by the plaintiff, Linda Hall. The defendant's answer is a general denial.

The court found for the plaintiff in the sum of $800.00.

*At the trial there was evidence tending to show the following:*

On November 9, 1968, the plaintiff's vehicle was being operated by her husband, Edward Hall, easterly on Great Hill Road, Barnstable. At the same time, the defendant was operating her vehicle in a westerly direction on the same road.

Great Hill Road is a two-lane highway approximately two car widths wide.

The defendant rounded a curve, to her right. The curve was a 90° angle. After completing the turn, she saw the plaintiff's car in the middle of the road coming from the opposite direction. The plaintiff's vehicle continued on and came in contact with the left side of the defendant's vehicle. Edward Hall testified that he was on the right hand side of the road and the defendant's vehicle came around the curve from the opposite direction, took too wide a turn and struck plaintiff's vehicle.

There was testimony that Edward Hall had purchased the car in question, used it to drive to work, but registered it in his wife, Linda's name.

There was testimony from the defendant that her vehicle carried a Florida registration on the date of the accident and that she had resided in Massachusetts in excess of thirty days.

At the close of the trial and before final arguments, the defendant made the following requests for rulings:

1. The evidence warrants a finding that

the plaintiff is not the owner of the vehicle for which she claims damages.

2. The evidence warrants a finding that the plaintiff was not a bailor of the vehicle in question.

3. The evidence does not warrant a finding for the plaintiff.

The court took no action on requests numbers 1 and 2, but allowed request number 3.

The court made no findings of fact.

The defendant claiming to be aggrieved by the court's refusal to allow or deny requests for rulings numbers 1 and 2 and by the court's allowance of number 3 and then entering a finding for the plaintiff, the trial court reported the same to the Appellate Division for determination.

 The trial judge made no findings of fact and the report does not contain the statement as required by the rule "That this report contains all the evidence material to the question reported." This statement is required by the rules. This rule may be waived by the Appellate Division, if the circumstances warrant it. *Irving* v. *Bonjorno,* 327 Mass. 516; *Swistak* v. *Paradis,* 288 Mass. 377 and see *Commonwealth* v. *McIntosh,* 259 Mass. 388 and cases cited.

 The failure of the trial judge to act upon requests numbers 1 and 2 is tantamount to a denial of these requests. *Mitchell* v. *Silverstein,* 323 Mass. 239; *John Hetherington &*

*Sons* v. *William Firth. Co.*, 210 Mass. 8. In other words, he denied in effect the first request that the evidence warrants a finding that the plaintiff is not the owner of the vehicle for which she claims damages and two, that the evidence warrants a finding that the plaintiff is not a bailor of the vehicle.

The failure to act upon these requests, which amounts to a denial of them, is prejudicial error.

In granting such requests, the trial judge is not bound to assign reasons or to make special findings, but in denying such requests he must do more than make a bare denial. Here, he must make clear, definite and detailed findings of fact by or in which he must demonstrate that he considered the evidence to which the request for ruling impliedly relates and that upon such consideration the request became inapplicable or immaterial because of the findings. *Dangelo* v. *Farina,* 310 Mass. 758. The mere denial of such a request is error in the absence of the findings, unless as a matter of law there is a lack of sufficient evidence to permit the finding sought by the requester. *Hoffman* v. *Chelsea,* 315 Mass. 54; *Home Savings Bank* v. *Savransky,* 307 Mass. 601.

The trial judge may have concluded that he did not have to act on requests numbers 1 and 2, because in finding for the plaintiff, this point became moot. This might be so, except for the fact that he allowed request number 3 that the

evidence did not warrant a finding for the plaintiff.

It was prejudicial error to fail to act on requests numbers 1 and 2 and to allow request number 3, and a new trial is ordered.

FRANK T. WEJEIK of Boston
 for the Plaintiff

WILLIAM S. HAWKES of Boston
 for the Defendant