*Western District*
Docket No. 115

**KAREN FARRELL**

v.

**JOHN D. WARE**

Argued: Feb. 4, 1974 Decided: Feb. 4, 1974

*Present:* Dudley, P.J., Sloan, Cimini, JJ.

Case tried to *Ryan, J.,* in the District Court of Franklin. No. 24327.

**Dudley, P.J.** This is a tort action arising out of an automobile accident in which the plaintiff seeks to recover for damages to her automobile allegedly caused by the negligence of the operator of the defendant's automobile.

The answer is a general denial, and pleas of contributory negligence, violation of law, statute of limitations and assumption of the risk. The court found for the plaintiff in the sum of $1,760.69.

The evidence as to how the accident happened and as to the amount of damages was conflicting.

On the evidence introduced by the plaintiff, the court could have found that the sole cause of the accident was the negligence of the operator of the defendant's car. On the evidence introduced by the defendant, the court could have found that the defendant's operator was not negligent or, if the defendant's operator was negligent, the plaintiff was contributorially negligent.

The defendant seasonably filed requests for rulings which with the court's disposition thereof are set forth below:—

1. There is evidence which warrants a finding for the defendant. *Denied.*

2. There is evidence which warrants a finding that the plaintiff was negligent,

and that said negligence of the plaintiff was the sole cause of the plaintiff's damage. *Denied*.

3. There is evidence which warrants a finding that the plaintiff was negligent, and that said negligence of the plaintiff contributed to the plaintiff's damage. *Denied*.

4. The plaintiff may not recover if she was negligence [sic] and said negligence caused or contributed to her damages. *Allowed*.

5. The plaintiff was required at least to slow down prior to entering Route 10 from Old Gill Road. *Denied because based on a fact not found by the court. The court finds the plaintiff did not slow down.*

6. The plaintiff was required to stop prior to entering Route 10 from Old Gill Road. *Denied*.

7. The plaintiff may not recover damages for her motor vehicle because her negligence contributed to the causing of such damages. *Denied because based on a fact, not found by the court.*

8. The testimony of a third party is not admissible on the one count finding the plaintiff was not negligence [sic] in question of damages to the plaintiff's vehicle if said third party prepared an "estimate" of such damages, but did not repair said vehicle. *Denied*.

9. Even if the court should find that the defendant was in any manner negligent, a finding must still be made for the defendant because the plaintiff's negligence was at least equal to or greater than any such negligence of the defendant. *Denied because based on a fact not found by the court. The court finds plaintiff was not negligent.*

10. The defendant had a right to rely on a knowledge that a "stop sign" had been placed at the intersection of Old Gill Road and Route 10, controlling the traffic entering said intersection from Old Gill Road. *Denied.*

11. Any negligence of negligence [sic] of the operator of the defendant's vehicle is not imputable to the defendant under the provisions of Chapter 231, Section 85 of the General Laws. *Denied for the reason that this request is gibberish and unintelligible.*

12. Even if the court should find as a fact that the plaintiff's vehicle entered the intersection of Old Gill Road and Route 10 prior to the time that the defendant's vehicle entered said intersection (the defendant's vehicle having been travelling on said Route 10), said finding of fact would not alone warrant that the operator of the defendant's vehicle was negligent in failing to avoid a collision. *Allowed.*

*13.* There is evidence which warrants a finding that the operator of the defendant's vehicle was not negligent in failing to avoid a collision with the plaintiff's vehicle. *Denied. This asks for a finding of fact and* [sic] *is therefore improper. Requests are limited to requests for rulings of law.*

The court found the following facts:—

*1.* The defendant was travelling at a rate of speed in excess of forty-five (45) miles per hour on Route 10 just prior to the collision.

*2.* The defendant was negligent in failing to slow down and reduce the speed of her motor vehicle when she saw the plaintiff approaching Route 10 in Gill Road and in assuming the existence of a non-existent stop-sign at the juncture of Gill Road and Route 10.

*3.* The plaintiff was not negligent in any way. *At the trial there was evidence produced by the plaintiff, tending to show that* the plaintiff had been operating her Volkswagon bus in a northerly direction on Gill Road in Northfield, Massachusetts and approached the intersection of Gill Road and Route 10 at about twenty (20) miles per hour; that she slowed down to five (5) miles per hour before entering the intersection, looked in both directions onto Route 10, but saw no cars in sight; that she

entered the intersection and was about half-way across the four lanes of Route 10, when she saw the defendant's car about 300 to 350 feet to her left on Route 10, approaching the intersection and the plaintiff at about 65 miles per hour; that the plaintiff accelerated to about 25 miles per hour in an effort to avoid being struck by the defendant's car but was able to travel only about twenty (20) feet when her car was hit on the left side by the defendant's car. The plaintiff offered further evidence to show that her car was pushed northeasterly by the collision and came to rest on the northeasterly corner of Route 10 and Gill Road; that the defendant applied her brake when she saw the plaintiff's car, pulled to her left, struck the plaintiff's car and with her foot still on the brake, travelled on Route 10 about 60 to 65 feet after the impact.

The plaintiff testified that her car had a fair market value of $2,600.00 just prior to the accident, and a fair market value just after the accident of $900.00. The plaintiff's car had to be towed from the scene, at a cost of $15.00. The plaintiff had paid $2,700.00 for her vehicle six (6) months prior to the accident and it had not been in any collision prior to the accident.

*The defendant offered evidence to show that* his wife, who was operating his car, was going

east on Route 10 on a clear day in daylight,
approaching the intersection of Gill Road and
Route 10, at a speed of about 30 to 35 miles
per hour; she entered the intersection and then
saw the plaintiff's car coming into the inter-
section at a speed of over 45 miles per hour,
from the defendant's right; that the plain-
tiff did not stop or slow down before enter-
ing the intersection; that the defendant's wife
thought there was a stop-sign governing the
plaintiff's course and that she assumed the
plaintiff would stop; that she braked her car,
swerved left to avoid the impact, kept her foot
on the brake but was unable to avoid the col-
lision; that she went 60 to 65 feet after the
collision but did not believe she was travelling
65 miles per hour on Route 10.

Defendant's story was substantiated in part
by an impartial witness.

It was stipulated at the trial that at the time
of the collision there was no stop-sign at the
intersection.

The defendant, claiming to be aggrieved by
the denial of his requests has claimed a report
to this Division.

The defendant has waived his requests num-
bered 6, 8 and 11.

. As in cases in the Superior Court heard
without jury, the duty of the trial justice of
the District Court is to hear the case, to in-
struct himself as to the governing principles
of law, and to pass upon pertinent requests for

rulings of law. His action upon requests for rulings must be such as to show that he has not made an error as to the law. *Home Savings Bank* v. *Savransky,* 307 Mass. 601, 603.

If the rule of the District Court is complied with as to specifications of grounds, a party is ordinarily entitled to a ruling that the evidence is or is not sufficient to warrant a finding for the requesting party. *Forbes* v. *Gordon & Gerber, Inc.,* 298 Mass. 91.

Here, there were no specifications, but that aspect is waived.

■. If there is sufficient evidence which, if believed, would support a finding for the requesting party, it is error to deny a request that the evidence warrants a finding for the requesting party unless the trial justice demonstrates by findings which he makes that the request was inapplicable or immaterial because of the findings. *Home Savings Bank* v. *Savransky,* 308 Mass. 601.

[4]. On appeals to an Appellate Division, findings of fact made in oral evidence are not reviewable. *Engel* v. *Checker Taxi,* 275 Mass. 471 and cases cited.

■. The credibility of the testimony and the inference which ought to be drawn therefrom are entirely for the trial justice. *McDonough* v. *Vozzela,* 247 Mass. 552. *Dolham* v. *Peterson,* 297 Mass. 479.

■ When a collision occurs between two vehicles at an intersection of ways the question of whether there has been negligence on the part of either or both of the operators is usually a question of fact. *Keyes* v. *Checker Taxi,* 275 Mass. 461. *Clay* v. *Pope,* 273 Mass. 40.

There could have been a finding either way in this case depending on whom the Court believed. From the Court's disposition of the requests for rulings it is clear that the justice believed the plaintiff's version of the accident from which it could be found that the defendant was negligent and the plaintiff was in the exercise of due care.

■ The requests as to the evidence warranting a finding should, strictly speaking, have been granted. However, the general finding for the plaintiff and the specific findings of negligence on the part of the defendant and no negligence on the part of the plaintiff were sufficient to make clear what was in the court's mind in finding for the plaintiff.

■ The trial court's findings of negligence on the part of the defendant and no negligence on the part of the plaintiff are not to be disturbed if supportable on any reasonable view of the evidence with all rational inferences of which it is susceptible. *LeBlanc* v. *Eggleston,* 41 Mass. App. Dec. 27. *Bartrow* v. *Watertown Square Theatre,* 309 Mass. 479.

*There was no prejudicial error and the decision of the trial court to stand.*

**Report dismissed.**

SEBASTIAN J. RUGGERI
 for the plaintiff

DAVID BURRES
 for the defendant