# No. 115

Argued: Aug. 26, 1975. Decided: Oct. 10, 1975.

## GILBERT & DAVIS CATERERS, INC.
### v.
## ARNOLD GROSS, et al[1]

---

[1] The other defendant is Lena Gross.

Case tried to *Murphy, J.,* in the Municipal Court of the West Roxbury District of the City of Boston. Number: 33345.

Present: Murphy, P.J., Lee, ————, J.J.

**By the Division.** This is an action of contract in which the plaintiff seeks in Count 1 of its declaration to recover the balance due under a written contract for catering services furnished to the defendants at a wedding reception. Count 2, on an account annexed seeks recovery on a *quantum meruit* for the fair value of the catering services rendered to the defendants.

The answer of the defendants was a general denial, an allegation that the plaintiff failed and neglected to perform the agreement and did not provide sufficient food for the defendants' guests and that the food provided was not in accordance with the terms and conditions of the agreement; an allegation that the food in many instances was inedible and not fit for consumption; and a further allegation that the defendants were excused from performance as a result of the material failure and neglect of the plaintiff to perform its obligations under the agreement.

The court found for the defendants on both counts of the plaintiff's declaration.

*At the trial there was evidence tending to show:* that on January 8, 1971, the plaintiff entered into a written contract with the defendants under which the plaintiff agreed to cater a wedding reception on June 6, 1971, at Temple Shalom, Milton, Massachusetts, and to serve a minimum of 117 people; that the total contract price was $1,742.12, with a deposit of $250.00 being made, leaving a balance due of $1,492.12; that the wedding reception was catered by the plaintiff on

the evening of June 7, 1971, and from 7:15 P.M. to 8:00 P.M. seven waitresses circulated about 40 trays of food among the guests and the trays consisted of eight different items of food; that there was furnished to the defendants' guests two large fruit trays containing a variety of fresh fruits; four large jello molds with garnished fruit; six large trays of assorted french pastries and rolls; that dinner was served about 8:30 P.M. and was to consist of fruit cup, salad, boneless breast of cornish hen; that when the main course was to be served, the defendants were informed by the plaintiff's agent that the cook had burned the cornish hen and they would try to get some more food from the plaintiff's commissary. As a result of the burned cornish hen, approximately 25 to 30 of the defendants' guests were not served any hen; at least one guest was served stuffing wrapped with cornish hen skin; when some of the cornish hen was served it was cold; that chicken was substituted later for the cornish hen which was not served; that the cost to prepare the cornish hen was $3.00 per plate; that the failure to serve the cornish hen to thirty guests was not intentional; that the defendants complained to the plaintiff about all of the guests not being served since they wanted and expected the affair to be the best that could be offered; that the defendants were emotionally upset and distraught and were caused great embarrassment at the manner in which the plaintiff had conducted the affair; that the defendants have refused to pay the plaintiff anything other than the $250.00 deposit.

The plaintiff seasonably filed eight requests for rulings. The trial justice acted upon all of the requests for rulings but made no special findings of fact. The plaintiff claims to be aggrieved by the ruling on its request No. 3 that the substitution and delay of service to guests seriously lessened the substantiality of performance and by the denial of its request for ruling No. 7. The pertinent requests and the rulings of the court thereon are as follows:

3. Even if it is found that the plaintiff failed to supply food to the defendant strictly in accordance with the terms of the contract dated January 8, 1971, the plaintiff is entitled to recover on Count 2 of its declaration for the fair and reasonable value of the services rendered by it to the defendant if it acted in good faith and substantially performed said contract. 3. *Allowed— insofar as it presupposes "substantial performance". I find as a fact from all the evidence that the substitution and delay of service to guests seriously lessened the substantiality of performance.*

7. The evidence does not warrant a finding for the defendant on Count 2 of the plaintiff's declaration. 7. *Denied.*

The declaration contains two counts but we are concerned only with the second, which is on an account annexed. Recovery is sought on *quantum meruit* for substantial performance of a catering contract. The principles governing such recovery are of long standing in this Commonwealth. The basic principles are set forth in *Searls v. Loring,* 275 Mass. 403, 407, as follows:

> "If, however, the plaintiff has honestly intended and attempted to perform the contract and has made such approximation to complete performance that the owner obtains substantially what was required by the contract, although not the same in every particular, and although there may be imperfections and omissions on account of which there should be a deduction from the contract price, there may be recovery for the contract price less such deductions as the imperfections and omissions fairly demand." (citing cases).

Here, the report states that the deviation from the terms of the contract (i.e. the failure to serve cornish hen to twenty-five to thirty guests) was not inten-

tional. In such case there may be recovery provided that the deviations are not substantial, even though they are more than *de minimis. Loftus v. Lauf,* 329 Mass. 374, 376-377; *Lantz v. Chandler,* 340 Mass. 348, 349.

■■. A trial justice, sitting without a jury, must correctly instruct himself as to the governing principles of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error. *Home Savings Bank v. Savransky,* 307 Mass. 601, 603.

■■. If the requests state correct principles of law or relate to factual situations, which, if found to exist, would be decisive of an issue in the case, the justice is required to grant them or to state the facts found by him which made the requests inapplicable. Failure to do so constitutes reversible error. *Stella v. Curtis,* 348 Mass. 458, 463. Plaintiff's request No. 3 comes within this category.

■■. The trial justice gave a qualified allowance of plaintiff's request No. 3 but stated "I find as a fact from all the evidence that the substitution and delay of service to guests seriously lessened the substantiality of performance." In our opinion this finding is merely a conclusion and is not sufficient to make the request inapplicable or immaterial. No facts, or at best insufficient facts, are reported or found that would support such a conclusion. *Hoffman v. C. Chelsea,* 315 Mass. 54, 57; *Jankowski v. Supreme Markets, Inc.,* 28 Mass. App. Dec. 23. This is prejudicial error, requiring that the finding for the defendants on Count 2 only be vacated and a new trial ordered on that count.

The report states "that chicken was substituted later for the cornish hen which was not served" (to twenty-five to thirty of the defendants' guests). This is the only reported evidence which could conceivably tend

to substantiate the justice's finding of "delay of service to guests". No facts are reported to indicate the length of the delay; nor whether the service of dinner was delayed to all of the guests or only to those to whom chicken was served; nor whether the delay was unreasonable under all the circumstances.

The finding "that the substitution and delay of service to guests *seriously lessened the substantiality of performance* (emphasis added), is purely conclusory and not supported by the reported evidence. The reported facts tend to indicate that plaintiff's performance of the contract was substantial: extensive services were rendered by the plaintiff to defendants' guests prior to the dinner; the deviation from the contract by the plaintiff was unintentional; the plaintiff did what it could to remedy the situation; all of the guests were served dinner; the cornish hen which was not served had a maximum cost of $90.00, which represents approximately five (5%) per cent of the contract price of $1,742.12. *Chadwick v. Travassos,* 339 Mass. 775. An inference may be drawn that the plaintiff was acting in good faith.

The trial justice properly denied plaintiff's request No. 7. The allowance of this request would be the equivalent of a ruling that as a matter of law all the evidence required a finding for the plaintiff on Count 2 of its declaration. *Pearson v. O'Connell,* 291 Mass. 527; *Bresnick v. Heath,* 292 Mass. 293, 298; *Rummel v. Peters,* 314 Mass. 504, 517.

Where the burden of proof is upon the plaintiff, and the evidence is largely oral, it can rarely be ruled as matter of law that the plaintiff is entitled to recover. *Donahue, Jr. v. Leventhal,* 302 Mass. 393, 395; *Hoffman v. City of Chelsea,* 315 Mass. 54, 56; *Catalucci v. Mass. Bay Trans. Auth.,* 351 Mass. 360, 362.

The finding for the defendants on Count 2 of plaintiff's declaration is vacated and a **new trial is ordered on that count.**