*Western District*

## No. 166

# VALENTINE D'ALLESSIO
### v.
# RAY'S PHARMACY

Argued: Oct. 15, 1976. Decided: Feb. 23, 1976.

Case tried to *Moran, J.,* in the District Court of Eastern Hampden. Number: 73 R 270.

Present: Cimini, J., (Presiding); Walsh, Gould, J.J.

**Cimini, J.** This is an action of tort to recover damages for personal injuries arising out of a fall sustained by the plaintiff on the premises of the defendant due to the existence of a defective condition of said premises. The answer is a general denial with a specific plea of assumption of risk, contributory negligence, statute of limitations, and the absence of negligence on the part of the defendant or his service-employes.

The court found for the defendant.

*At the trial there was evidence tending to show that:*

The plaintiff was a truck driver employed by Cott Brothers and that on September 25, 1971, he went to the defendant's place of business to make a delivery. He and a co-worker arrived there at approximately 9:00 A.M. This was the first time that the plaintiff had been to the defendant's premises. The plaintiff was told by an employee of the defendant to place the merchandise in the cellar and that the plaintiff would have to hand-carry said merchandise and not to use a hand-truck. The plaintiff came into the store carrying two cases of soda to take down into the cellar. Access to the cellar is gained by a flight of wooden stairs that have a hand-rail which does not extend the entire length of the stairs. A light fixture exists at the bottom of the stairs, but it was not on at the time the plaintiff descended said stairs, according to the plaintiff's testimony. This light fixture exists above the area where the plaintiff fell. The light switch controlling this light fixture was located at the top of the stairs near the door leading to the cellar.

The plaintiff testified that:

There were approximately eight steps and that said steps were of uniform height except for the last one which had a greater step-off or distance between it and the floor than the preceding steps. Upon step-

ping off the last step, his ankle turned over, causing him to fall. He then noticed that he had stepped into a hole in the concrete floor immediately adjacent to the last stair. He described said hole as being approximately one foot wide by one foot long and at least one inch in depth, and located directly in front of the last stair.

On cross-examination, the plaintiff testified that this was the first time that he had gone down these stairs, that the stairwell was not lighted at the time but that he had not inquired as to the location of the light switch.

The defendant testified that:

He had occupied the premises for approximately twenty years. All deliveries to the cellar were made without the use of a hand truck, as per his orders. He was unable to say whether or not the light was on at the bottom of the stairs. There was an area on the concrete floor immediately adjacent to the stairs that was uneven in relation to the floor. Said area was a depression and not a hole, and was approximately the size of a large orange.

Upon cross-examination, the defendant testified that:

He knew of the existence of the depressed area. He had never made repairs to the cellar floor. He neither warned the plaintiff nor his co-worker of this situation, nor did he have a sign posted warning as to the existence of any condition at the bottom of the stairs as he saw no necessity for it.

The plaintiff duly filed requests for rulings of law as follows:

1. As a matter of law, the defendant owed the plaintiff the duty of reasonable care. *Mounsey v. Ellard*—297 N.E. 2nd 43. *(Granted)*.

2. Based upon the evidence, the weight of the evidence and the sufficiency of the evidence,

a finding for the plaintiff is warranted. *(Denied)*.

3. The sole and proximate cause of the plaintiff's injury was the defendant's negligence. *(Denied.)*

4. Based upon the evidence, the defendant knew or should have known that the plaintiff would use the stairway leading to the cellar. *(Granted)*.

5. Based upon the evidence, the defendant knew or should have known that the defective condition existed on the cellar floor directly in front of the stairs. *(Denied)*.

6. Based upon the evidence, the defendant was negligent in the maintenance of the premises that he owned, occupied or controlled. *(Denied)*

7. Based upon all the evidence, a finding is warranted that the defendant was the owner or occupier of the premises in question. *(Granted)*.

8. Based upon all the evidence, a finding is warranted that the defendant was negligent in failing to cure a defect in the premises under his control. *(Denied)*.

The court did not make a special finding nor state the facts found, or the facts recited which it did not find upon which denials were based.

The plaintiff claims to be aggrieved by the court's denial of the aforesaid requests for rulings numbered 2, 3, 5, 6 and 8, and by the court's failure to make a special finding.

The question is whether the trial justice committed prejudicial error in denying the plaintiff's requests for rulings without making findings of fact.

The plaintiff's requests for rulings were proper requests for the consideration of the trial justice His denial of those requests without special written findings of fact was prejudical error.

The trial justice failed to comply with the then existing District Court Rule 27: "Whenever any requests for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find upon which refusal is based, unless the same appears from special findings filed."

In granting requests, the trial justice is not bound to assign reasons or to make special findings, but in denying such requests he must do more than make a bare denial. Here, he must make clear, definite and detailed findings of fact by or in which he must demonstrate that he considered the evidence to which each of the requests for ruling impliedly relates and that upon such consideration the request becomes inapplicable or immaterial because of the findings. *D'Angelo v. Marina,* 310 Mass. 758. *Hall v. Daggett,* 47 Mass. App. Dec. 28, 32. *Rummel v. Peters,* 314 Mass., 504, 517.

There is a common law duty of reasonable care under the circumstances which the occupier owes to all lawful visitors. *Mounsey v. Ellard,* 1973 Mass. Advance Sheet 871, 297 N.E. 2d 43. This is the care which a reasonably prudent man would exercise under the circumstances, and it is a question of fact what such a reasonably prudent man would do and whether the parties acted in accordance with that standard. *Mays v. Gamarnick,* 326 Mass. 139.

The question of how big a depression is allowed without there being a defect as against persons who have a right to use the steps requires to some extent that an arbitrary line be drawn. In the instant case, the plaintiff testified that a hole approximately one foot wide by one foot long and at least one inch in depth, caused his fall and consequent injury.

There was also evidence that there was an irregularity in the step-off or distance between the last step and the cellar floor; that there was no light on at the time the plaintiff descended the stairs; and that the hand-rail did not extend the full length of the stairway. This evidence is sufficient to permit, though not require, the findings sought by the plaintiff. Therefore, the trial justice erred in not making the findings as required by Rule 27.

In the case of *Shirley v. Boston Symphony Orchestra, Inc.,* 287 Mass. 300, a finding of negligence was justified by the five-eighths inch wear on the steps and a loose rope handrail.

In other cases where recovery has been allowed, the defect was a nail projecting an inch, *Schwartz v. Feinberg,* 306 Mass. 331, and a crack of one half inch in a floor, *McIlvane v. Percival,* 337 Mass. 768.

In the instant case, the trial court could have found that there was no defect based on the defendant's testimony and the picture of the alleged defect. If the court had done so, his finding could have been upheld. Since it was not done, it would be mere conjecture on our part as to the basis of his decision.

It has repeatedly been held that a trial justice, sitting without a jury, must correctly instruct himself as to the governing principles of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way to make plain that he has not fallen into error. *Povey v. Colonial Beacon Oil Co.,* 294 Mass. 86, 93, and cases cited. He must adopt correct rules of law and find the facts as guided by these rules. And, upon proper requests therefor, he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved. *Adamaitis v. Metropolitan Life Insurance Co.,* 295 Mass. 215, 219; *Cameron v. Buckley,* 299 Mass. 432, 433.

As already stated, District Court Rule 27 similarly requires the trial justice to state his reasons for denying the plaintiff's requests so as to preserve the right of review.

It is not sufficient for the reviewing court to supply a valid reason when the trial justice may have decided the case on an erroneous basis.

Prejudicial error found. Action remanded to the trial court for new trial.