*Southern District*

## No. 119

# JOHN W. RAMUS

### v.

# TOWN TAXI, INC.

Argued: Nov. 19, 1975. Decided: Feb. 24, 1976.

Case tried to *Tracy, J.*, in the Municipal Court of the West Roxbury District. Number: 34796.

Present: Lee, P.J.; and two other justices.

**Lee, Presiding Justice** This is an action of tort to recover property damage to the plaintiff's vehicle caused by the negligence of the defendant.

The defendant answered by way of general denial, contributory negligence, assumption risk, violation of law, negligence of a third party, the defendant's motor vehicle was not being operated by or under the control of a person for whose conduct the defendant was legally responsible, and the statute of limitations.

*At the trial there was evidence tending to show:*

The plaintiff, John W. Ramus, was the owner of a motor vehicle which was in collision with a motor vehicle operated by the defendant's agent in the course of the defendant's business. The defendant's motor vehicle was proceeding on Day Street, a public way in Jamaica Plain, Massachusetts, when it skidded on ice and collided with the plaintiff's motor vehicle. The monetary damage suffered by the plaintiff amounted to $439.44.

This was all the evidence that was introduced at the trial.

At the close of the evidence and before final arguments the defendant presented seven (7) requests for rulings of law. It originally claimed to be aggrieved by the trial justice's rulings of requests 1, 2, 3, 5, and 7 but waived its requests numbered 1, 2, 3 and is now relying only upon requests 5 and 7 which are as follows:

5. The evidence taken in a light most favorable to the plaintiff does not justify a finding for the plaintiff. *Denied.*

7. There is insufficient evidence to warrant a finding that the defendants, its agents, servant or employer were negligent. *Denied.*

The trial justice made no findings of fact.

There was a finding for the plaintiff in the sum of $439.44.

The defendant claims to be aggrieved by the trial justice's denial of its requests 5 and 7.

The defendant further claims to be aggrieved by the trial justice's failure to comply with Rule 27, paragraph 7 (then) and (now) Rule 64, §b[1], Rules of Civil Procedure of the District Courts (1975).

We deal first with the question of whether or not there is sufficient evidence in this case to support a finding for the plaintiff.

The mere skidding of a motor vehicle, unexplained, is not evidence of negligence. *Mylnarchik v. Massachusetts Bay Transportation Authority,* Mass. (1975)[2]. *Sherwood v. Radovsky,* 317 Mass. 307, 308 (1974). *Goyette v. Amor,* 294 Mass. 355, 357 (1936).

However, skidding may occur in connection with other acts or omissions of the operator of an automobile in such circumstances as to warrant a finding of negligence. *Sherwood v. Radovsky,* 317 Mass. 307,

---

[1] Rule 64B . . . "Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed."

[2] Mass. Adv. Sheet (1975) 163, 166.

309 (1944). *Spain v. Oikemus,* 278 Mass. 544, 547 (1932). *Hennessy v. Moynihan,* 272 Mass. 165, 167, 168 (1930).

It is apparent therefore, that to establish negligence on the part of the defendant in this case, there must be some additional actions or omissions on the defendant's part in conjunction with its skidding, such as speed, inattention or faulty equipment, for example.

An examination of the evidence reveals only one other piece of evidence; the monetary amount of damages occurred by the plaintiff in the sum of $439.44.

We do not have the benefit of any evidence as to where the impact took place on either car, the extent of the damages, nor the manner of operation by the defendant's agent.

█ The trial justice's finding for the plaintiff on the basis of the reported evidence in this case may have led him into the area of conjecture and surmise and cannot be sustained.

We concern ourselves also with the defendant's grievance, that the trial justice did not recite any facts found or not found in regard to his denial of the defendant's requests for rulings 5 and 7.

We find that the trial justice's denial of said requests for rulings, based upon the evidence, without stating that said denials were inconsistent with or inapplicable to the facts found or because the facts recited he did not so find to be tantamount to denial for any of the above reasons and should have been followed by a recitation of the facts found or not found or special findings to support such denials

Under Rule 27, ¶7 (then) and Rule 64, §b (now), Rules of Civil Procedure of the District Courts of Massachusetts (1975) it is mandatory for the trial justice under these circumstances to recite the facts found or not found which were determinative of his rulings and failure to do so can be reversible error.

See similar rationale in case law. *Brodeur v. Seymour*, 315 Mass. 527, 529, 530 (1944). *Sisto Liberatore v. Town of Framingham*, 315 Mass. 538, 541, 542 (1944).

There being prejudicial error in the trial justice's denial of the defendant's requests for rulings of law 5 and 7 the finding for the plaintiff is vacated and the case **remanded to the District Court for a new trial.**