Shubow, J.
The defendant public carrier seeks reversal of a finding for a plaintiff passenger who was assaulted and injured by another passenger as he was alighting fromarapid transit train at the Field’s Corner Station on the defendant’s Red line. The appellant argues three issues before us: (1) the “weight of the evidence” offered by the plaintiff was insufficient to sustain his burden of proof, (2) the trial judge committed error in the way he handled a number of the defendant’s requests for rulings; and (3) the damage award of $45,000 was error where the plaintiff presented no medical evidence.
*173 We focus primarily on the appellant’s second argument The judge handled four requests for rulings by allowing them “as correct statements of the law although not applicable to the facts of the case as I have found them.” In the absence of any such factual findings we are constrained to order a new trial. The record does not, that is to say neither the report nor the docket entries, contain any recital of the subsidiary facts relied on by the judge to support his general finding for the plaintiff. It follows we cannot determine with any confidence on what factual basis he considered one request or another to be immaterial.
The report does indicate that there was evidence warranting[1] the fact-finder in reaching the following conclusions:
The plaintiff on December 17,1984 at about 12:30 P.M. boarded an outbound train at South Station intending to take it to the final station, Ashmont. At Columbia Station six or seven youths talking loudly and playing a radio loudly entered the train. Two of the group, one male and one female, approached the plaintiff where he was seated alone and began interrogating him. The plaintiff became anxious and decided to exit the train. As he was in the course of doing so, one of the pair struck him and caused him to fall and injure himself on the outbound platform. The plaintiff called for help and although MBTAemployees were present on the train, no one responded. The operator closed the door and the train departed the station.’[2] There were no MBTA personnel on the outbound side of the station. However, an inspector (who was also a street railway police officer) located on the inbound platform met the plaintiff a few minutes later, interviewed him, and offered medical assistance which was refused. The plaintiff boarded the next outbound train.
As evidence of the general security situation the report recites there were more than 500 criminal incidents of all types from vandalism to assault and battery on the Red Line in 1984. The Fields Corner Station is one of the busier stations. On the date of the incident, only two MBTA police officers were assigned to ride Red Line trains from Washington Street Station inbound. No one was assigned to ride from Washington Street outbound to Ashmont. No MBTA police officer was specifically assigned to Fields Corner Station at the time of the incident. “It was not unusual for there to be no MBTA employees on the outbound platform, although there were employees at the station.”
Our task is complicated by the fact that the report includes nine requests for rulings of law and thirteen requests captioned requests for findings of fact.[3] The defendant claims to be aggrieved by the action taken on all of them. We shall deal seriatim only with so many of those as to which the judge’s response seems to us to make a new trial necessary.
*174 I. A. 1. The mere fact that an accident happened is insufficient to support a finding of negligence on the part ofthe defendant Olofson v. Kilgallon, 362 Mass. 803, 805 (1973).’
The judge ruled as follows: ‘A1 allowed as correct statements (sic) ofthe law although not applicable to the facts of the case as I have found them (Emphasis supplied.)
As noted above the facts as the judge found them have not been recorded so far as we know. The request seeks to focus attention on the scope of the plaintiffs burden of proof. Allowance ofthe requestwas called for. Categorical denial would have been error, as the judge recognized. But what he undertook to do, i.e. treat the request as immaterial, was not significantly different from a denial in the absence of findings of fact. The plaintiff was left without any articulation of what facts the judge deemed legally sufficient to impose liability on the defendant and with no opportunity to seek review ofthe validity of the judge’s reasoning. For aughtthatappears, the judge might have considered the absence of any employee on the outbound side of the station as sufficient in and of itself to hold the defendant responsible. If that were the situation, the defendant could argue with obvious force that that fact was not causally related because the assault occurred on the train and not on the platform. Likewise, if the judge relied on the absence of a police officer on the outbound run during midday, it would be open to the defendant to test thatlegal position by analysis ofthe percentage of assaults among the criminal incidents reported, what hour of the day they occurred and where, all to show that, statistically speaking, what happened to the plaintiff was not sufficiently foreseeable to make the absence of police personnel, without more, actionable.
The Supreme Judicial Court and our own precedents have consistently emphasized the importance of findings of fact when treating requests for rulings as immaterial. It has long been recognized that denial of valid requests on the ground that they are immaterial is tantamount to a denial and can be justified only where the judge’s special findings demonstrate that discussion of the legal contention would be superfluous. Cobbett v. The Prudential Ins. Co. of America, 51 Mass. App. Dec. 57, 64-65 (1973). Requests denied “because they were inapplicable or inconsistentwith facts found” call upon the judge “to set forth the facts that he found in order to justify his denial of the requests.” Koshivas Construction Co., Inc. v. Finn, 56 Mass. App. Dec. 99, 102 (1975), citing Rule 64 (Rule 27 prior to July 1,1975) of the Rules of the District Courts. The peril in the course adopted by the judge is treated at length, although in another context, in DiGesse v. Columbia Pontiac Co., Inc., 369 Mass. 99, 104 (1975). See also, D’Allessio v. Ray’s Pharmacy, 57 Mass. App. Dec. 150, 154 (1976); Gilbert & Davis Caterers, Inc. v. Gross, 56 Mass. App. Dec. 177, 181 (1975); Homen v. Cabral, 54 Mass. App. Dec. 62, 70 (1970).
The reasoning in Ramus v. Town Taxi, Inc., 57 Mass. App. Dec. 137 (1976), is particularly apposite (at 140) (although in the present case there was substantially more evidence on which a conclusion of negligence was arguably open).
In summary, the absence of findings leaves the general finding beyond appellate scrutiny as to the route travelled by the trial judge in proceeding from the fact of the accident to the finding of liability. The historic practice is to rule that denial of the request was prejudicial error and to order a new trial, rather than remand for the preparation of findings of fact
What has been said above applies to request numbered 1. A 2. “A common carrier need not anticipate every possible peril that may befall its passengers. See, Magaw v. M.B.T.A., 21 Mass. App. Ct. 129 (1985).”
Here again the judge stated “A2 allowed as correct statements (sic) of the law although not applicable to the facts of the case as I have found them.” The judge thus indicates he is cognizant of the correct principle of law. But his bare assertion that he has found facts which make it unnecessary to discuss the legal principle frustrates any *175 inquiry as to whether the facts found were sufficient to justify the conclusion that the defendant was bound to anticipate what actually occurred. (It might be observed that had he allowed the request the defendant would have had little cause to complain about such a ruling.)
Three requests for rulings addressed to the sufficiency of the evidence were denied out of hand. We will treat one as a prototype for all three.
I. A. 9. The evidence in this case is insufficient to support a finding that any act of the defendant was the proximate cause of injuries to the plaintiff.’
The pertinent rule (Dist/Mun. Cts. R. Civ. P., Rule 64[b]) requires a trial judge whenever a request founded upon the legal effect of the evidence is denied to state the facts found. See Ramus v. Town Taxi, Inc., 57 Mass. App. Dec. 137, 139 (1976).
The principle is a salutary one and calculated to assure the losing party that the court has logically reached its conclusion by consideration and weighing of all the pertinent evidence and has found facts supporting its ultimate conclusion. Farrell v. Ware, 53 Mass. App. Dec. 121, 126, 130 (1974). We recognize that there have been cases in which the evidence recited in the report, and shown by the judge’s general finding to have been deemed credible, was enough for the appellate division to uphold the trial judge without reference to any,written findings of fact. See DeFranco v. Mass. Port Authority, 46 Mass. App. Dec. 92, 94-95 (1971). (The decision is silent as to whether the judge had made any special findings.) But the present case is distinguishable because the findings necessary to support the result are complex and hardly visible from the evidence alone without inference piled upon inference. We cannot discern what inferences have been drawn and how they interface with one another in view of the judge’s reticence.[4]
It follows that the finding for the plaintiff is to be vacated and the case remanded for a new trial by reason of prejudicial error in the rulings described.

 Of course this is not the same thing as a recital that factual determinations open on the evidence were actually made by the judge. We understand that some of the facts set out in the report must have been found by the judge in order for him to make a general finding for the plaintiff. But which ones? We are at a loss to know whether the judge correctly annlied the principles of law which he acknowledged to be correct without being apprised of the factual premises on which his decision rested.

 It will be observed that the report does not indicate how close the employees were, whether for example they were on the same car, whether the court found they were actual or potential witnesses. Likewise, there is no indication of how far away the door operator was or whether on the evidence it could be inferred that he saw the plaintiffs plight As to the importance of these considerations see Magaw v. M.B.T.A., 21 Mass. App. Ct. 129 (1985), Sharpe v. Peter Pan Bus Lines, Inc., 401 Mass. 788 (1988).

 Some of the latter really have the ring of requests for a legal ruling. For example, II. B. 3. “Plaintiffs visits to doctors or health facilities in connection with this injury occurred (sic) are too scant to support a claim for damages.”

 In passing, we note that insofar as the appellant appealed on the basis of the weight of the evidence (see Defendant’s Brief, Statement of the Evidence) we do not pass on such a question but, in that aspect of things, only whether the general finding can be sustained. Yale Manufacturing Co. v. Revelation Hair Design, Inc., 49 Mass. App. Dec. 83, 88 (1973).
We have not reviewed the judge’s action on other requests challenged by the defendant either because we agreed with the judge’s position, or they did not obviate the need for a new trial or are not likely to arise again after a new trial.