Hurley, J.
After trial following remand by the Southern District,[1] the trial judge found for the plaintiff. The defendant filed a draft report within ten days of the judgment. After hearing, the judge ordered a revised draft report be filed within two weeks. A first revised draft report was filed, a hearing held, and that report disallowed. However, the judge permitted the filing of a further amended draft report with the admonition that the farther amended report conform to results of the hearing on the report. Prior to filing the farther amended draft report the defendant filed a motion to extend time to settle the report. This division allowed an extension to July 1991. A farther amended report was filed but no action taken thereon by July 1, 1991, and this petition to establish the draft report followed.
Dist./Mun. Cts. R Civ. P., Rules 64(c) (4) and (e) direct the appealing party to file a petition to establish a report within five (5) days “after notice of such disallowance.” The docket reflects that the judge disallowed the first revised draft report on March 4, 1991. Notice of this disallowance was sent the same day. No petition to establish was filed. Instead the defendant filed a motion to extend time. The trial judge acted on the motion to extend time. The trial judge had no authority to act on that motion. Rule 64(e) requires that such a motion be determined by the appellate division.
Rule 64 (c) (4) directs the trial judge to settle the form of his report. It is clear from the docket and from the paragraph by paragraph examination of the draft report at oral argument that some of the difficulty surrounding the settlement of the report is the responsibility of counsel for the defendant. Counsel disagree on certain evidentiary matters. Since the trial was tape recorded it should be possible to accurately reflect the testimony of a witness. It is not clear from the record whether the defendant disagreed with changes the judge requested. Nor is it clear why the judge disallowed the report. In his order disallowing the report, the judge farther directed that the defendant “shall within 10 days from this order, submit a third draft report which conforms to the results of the hearing on the first draft report.” By disallowing the report the judge decided that the draft report did not conform to the facts. Burns v. Sawyer, 34 Mass. App. Dec. 67 (1965). No facts and reasons for the disallowance were separately stated. See Dist./Mun. Cts. R Civ. P., Rule 64 (c) (5). Once disallowed, the only recourse open to the requesting party is to seek to have the report established by the appellate division. Dist./Mun. Cts. R Civ. P., Rule 64 (e). It is not clear whether there exists a difference of opinion between the defendant and the judge on factual questions concerning evidence adduced at trial or whether the defendant has not submitted a report in a form acceptable to the court. The situation was complicated by the court allowing time after disallowance for submission of another report. Rule *50 64 does not provide for such a procedure.
The defendant raises issues in the draft report which are worthy of appellate review. As we have recently said,[2] review should not be thwarted by an unacceptable procedural maze which could be avoided by athorough settlement process in the trial court.
We remand in order to give the trial judge a last opportunity to perform his duty[3] to settle the report, dismiss the report, or disallow the report, with appropriate reasons. Counsel should make the tapes of the trial available to resolve any lingering disputes over testimony at trial. If the report is not settled, within thirty days after this opinion is docketed in the trial court, then counsel, no later than forty-five days from the date this opinion is docketed in the trial court, may petition us to settle the report. Tapes of the hearing should be provided to this division at that time.

 Eugene Gallagher v. Massachusetts Bay Transportation Authority, 1990 Mass. App. Div. 172.

 Leppo v. Mass. Bay Transportation Authority, opinion certified February 10, 1992.

 Mooney v. Jud’s Home Insulation Co., Inc., 368 Mass. 809 (1975).