Newton A. DeWitt vs. Ralph H. Wells.

Middlesex.   March 3, 1936. — March 7, 1936.

Present: Rugg, C.J., Field, Donahue, Lummus, & Qua, JJ.

*Practice, Civil,* Charge to jury, Exceptions.

An exception to the use by a trial judge in his charge of a certain rhyme which the plaintiff contended was prejudicial to him must be overruled where, on objection, the judge plainly directed the jury utterly to disregard it.

An exception, to certain language used by a trial judge at the trial of an action for personal injuries in a portion of his charge which related only to damages and was a comment on evidence as to the condition of the plaintiff some time after his alleged injury, was overruled because it clearly appeared that it did not relate to the issue of liability and there was a verdict for the defendant.

Tort.   Writ dated December 15, 1930.

In the Superior Court there was a trial before *Macleod*, J.

There was a verdict for the defendant.   The plaintiff alleged exceptions.

*J. Lewiton,* for the plaintiff.

*J. H. Gilbride,* for the defendant.

Rugg, C.J.   This action of tort arises out of a collision between automobiles owned and operated by the plaintiff and defendant respectively.   The plaintiff seeks to recover compensation for personal injuries and property damage alleged to have been sustained by him as a result of the negligence of the defendant.   A verdict was returned in favor of the defendant.

The plaintiff excepted to the recital by the presiding judge in his charge of an imaginary epitaph which might be thought to be illustrative of rights of automobilists at an intersection of streets.   Thereupon the trial judge stated that he might "have yielded somewhat to a perverted sense of humor" in repeating the quatrain.   After further comments of the same general tenor the incident was closed with the statement to the jury: "I think the appli-

cability of it appeared in connection with what I was saying, but it was perhaps hardly dignified to use it, and you are to forget it." It is not necessary to determine whether there was any legal error in the use of the rhyme. *Picquett* v. *Wellington-Wild Coal Co.* 200 Mass. 470, 474. *Fournier* v. *Zinn*, 257 Mass. 575, 577. The jury plainly were directed utterly to disregard it. It must be presumed that this instruction was followed. *Muller* v. *Powers*, 174 Mass. 555. *Stricker* v. *Scott*, 283 Mass. 12, 14, 15. *Cronan* v. *Armitage*, 285 Mass. 520, 528.

During the charge the judge stated with respect to damages that it was not disputed that the plaintiff "made a substantial recovery, and he was apparently able to be out driving an automobile by the first of January following the accident." He then said: "And if there is any place where a man with limited faculties ought not to be, it is on the highway, driving a car, in these days of congestion in the highways. And it is for you to say, having seen him on the stand, as to how far there has been any real impairment of his faculties as the result of that accident; if there is any lowering, any letting down of speed in his mental activities, as to how far that is consistent with the general slowing up process of advancing age, or how far it is to be definitely attributed to the accident." The plaintiff excepted to this portion of the charge. It is manifest that these words had no relation to the time of the accident but related solely to the question of the condition of the plaintiff after the accident as a consequence of his injuries and bore solely upon the question of damages. In that connection they were not erroneous.

*Exceptions overruled.*