Duran *v.* Union Freight Railroad.

---

THOMAS E. DURAN *vs.* UNION FREIGHT RAILROAD COMPANY.

Suffolk.    October 7, 1966. — November 15, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Negligence,* Contributory, Motor vehicle.  *Evidence,* Of value.  *Practice, Civil,* Comment by judge; Exceptions: saving of exception.

Evidence did not require the conclusion as a matter of law that the operator of an automobile which collided at night with an unlighted freight car on a public way was guilty of contributory negligence.  [391–392]

Testimony by the owner of an automobile as to its value before and after an accident in which it was damaged was properly admitted at the trial of an action for such damage.  [392]

In an action wherein there was before the jury the report of an auditor who had found for the defendant and the judge's charge included a discussion of the auditor system in the course of which the judge remarked that in his opinion the system had "not . . . worked very well," an exception to the remark taken by the defendant without expressing to the judge that the basis of the exception was an implication of the remark adverse to the particular auditor's report then before the jury must be overruled [392–394]; WILKINS, C.J. and CUTTER, J., dissenting.

TORT.    Writ in the Superior Court dated October 11, 1960.

The jury found for the plaintiff at the trial before *Brogna,* J., and the defendant alleged exceptions.

*William J. Noonan* for the defendant.

*Francis J. DiMento* for the plaintiff.

WHITTEMORE, J.    1.    There was no error in denying the

motion for a directed verdict in this tort action. The evidence does not warrant the conclusion, contended for by the defendant, that this is one of the very unusual cases in which the plaintiff's contributory negligence has been shown as a matter of law. It was for the jury to say whether the plaintiff, driving on Atlantic Avenue in Boston on a hazy night, took notice of the defendant's unlighted freight car as soon as he should have in the exercise of due care, and whether his subsequent maneuvering of his automobile met the required standard. See *Borden* v. *New York, N. H. & H. R.R.* 339 Mass. 266, 271–272. Compare *Levine* v. *Bishop,* 292 Mass. 277, and cases cited.

2.   The plaintiff's testimony as to the value of his car before and after the accident was properly admitted. *Willey* v. *Cafrella,* 336 Mass. 623.

3.   The defendant excepted to the statement of the judge in his charge that "the auditor system has not, in my opinion, worked very well." The auditor had found for the defendant. The context of the judge's remark is set out in the margin.[1]   Although extraneous and irrelevant, the com-

---

[1] "Now, this is probably the first case that any of you have heard that involved an Auditor's Report. And I want to say a few words about the Auditor's Report and the auditor system and the fact that it should have been given. As was pointed out to you by counsel, an auditor is a lawyer. He doesn't wear a robe. He is a person who has been chosen among others, by the Judges of the Superior Court in order to expedite the hearing of cases, especially those involving automobile accidents. Back a few years ago, the lists in the Superior Court got very congested with a multitude of automobile cases and it was impossible for all of them to have been heard by a jury expeditiously. And the expedient was devised to try to get the cases heard by an auditor in the hopes that the parties would be satisfied with the results arrived at by the auditor. But every party to a lawsuit, be he plaintiff or defendant, has a right under the constitution to demand a trial by jury. He doesn't have to be satisfied with the auditor's results. He may say: I want a trial by jury. He is entitled to that as a matter of right. Now, the auditor system has not, in my opinion, worked very well. We are attempting to get some more machinery which we hope will work better. However, the auditor is a man who has been appointed by the Superior Court to hear this type of case. His findings are not final. They have no special legal significance when evidence is introduced, as it has been in this case, which would warrant the jury, if you believe it, to come to a conclusion other than that arrived at by the auditor. His report, however, is made evidence by statute for you to consider. You are entitled to give as much or as little weight to his report as you feel it warrants. Once evidence has been introduced which, if you believe it, warrants a finding opposite to that of the auditor. Now, as in all cases that you will probably hear within the course of your service in this next month, it's up to you to say from the conflicting evidence, from the conflicting stories as to what really happened on that evening down on Atlantic Avenue. This is your province and yours alone. And nobody can tell you what happened. It's up to you to determine that."

ment was, we think, subject to exception only (1) if it implied that the system had not worked very well in respect of the report in the case on trial, and (2) if the defendant reasonably indicated to the judge that such was the basis of his exception.

We conclude that, in context, there was in the comment some implication against the particular report. The status of an auditor's report, after other evidence has been introduced with the effect of taking away its artificial legal force and compelling effect as prima facie evidence, is well understood. It "remains evidence throughout the trial, and is entitled to be weighed like any other evidence upon any question of fact to which it is relevant." *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566. G. L. c. 221, § 56. In the particular language used by the judge to convey the essence of this rule to the jury, taken with the comment objected to, the jury could have concluded that the judge was suggesting that this auditor's report as evidence, although something the statute required them to receive, was perhaps less significant than the other evidence before them.

We think it plain, however, that the judge did not intend any such implication and that this should have been reasonably apparent to counsel. The comment was a part of a discursive aside on how, as the judge believed, the Superior Court was getting along with its business. It appears likely that, if the objectionable implication had been expressed to the judge, he would have given a brief supplementary instruction adequate to remove any basis for exception. See *DeWitt* v. *Wells,* 294 Mass. 65, 66. In any event, the implication should have been stated, and the failure to do so defeats the exception. This was the colloquy: COUNSEL: "I object to your Honor's remark that the auditor system has not worked very well." THE COURT: "Do you want to argue this?" COUNSEL: "I believe it should not have been said to the jury. Exception." THE COURT: "All right. Your exception is noted." The judge's question was addressed either to argument on the proposition he had stated and to which objection was made, or to argu-

ment to state the basis of the objection. In either case, the question showed that the judge was not thinking of the effect of the remark in context and it gave full opportunity to state why the remark was deemed prejudicial. We do not construe the remark as so inherently prejudicial that the objection was sufficiently made merely by counsel's reference thereto.

*Exceptions overruled.*

The Chief Justice and Mr. Justice Cutter dissent on the grounds, first, that the objection to the trial judge's irrelevant remark about the auditor system was adequate to inform the judge of the basis of the objection, and, second, that the remark was a prejudicial, gratuitous intrusion upon the function of the jury, tending to disparage the auditor's report and to deprive it of the weight properly to be given to it under *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566.