*Municipal Court of the City of Boston*

No. T-21585

**LINDA GILMAN, ET AL**

v.

**HAROLD BROWN**

Argued: Oct. 23, 1970 - Decided: Dec. 17, 1970

*Present:* Adlow, C. J., Morrissey, J.
  Gorrasi, Spec. J.
Case tried to *Shamon, J.*

**Gorrasi, Spec. J.** This is a petition to establish a report.

In a tort action, after trial, there was a finding for the plaintiff. The defendant filed a motion for a new trial and, after a hearing, the motion was denied. The defendant claimed a report and filed a draft report.

The court disallowed the defendant's claim of report and draft report and assigned the following reasons:

(1) The draft report filed in this case is based on the denial by the court of a motion for a new trial. The disposition of a motion for new trial is within the sound discretion of the court. There is no question of law presented by the aggrieved party.

(2) No requests for rulings were filed in this case and as no question of law is presented in the draft report this claim of report and draft report is disallowed.

There was no error.

A motion for a new trial may be filed on the grounds for newly discovered evidence or a mistake of law. Rule 29 — Municipal Court of the City of Boston. There was no offer by the defendant of newly discovered evidence. The defendant did not file requests for rulings at the end of the trial on the merits, nor did he file requests for rulings on the motion for a new trial.

In order to preserve the right to review questions of law there must be requests for rulings. A trial judge is not required to make rulings of law not called for by proper requests. *Campanale* v. *General Ice Cream Corp.*, 314 Mass. 286-289. The defendant cannot raise questions of law that might have been but were not presented.

The motion for a new trial is addressed to the discretion of the court, from the exercise of which no review lies unless there is shown a clear abuse of discretion. *Daddario* v. *Gloucester,* 329 Mass. 297-301. *Bartley* v. *Phillips,* 317 Mass. 35.

The defendant contends that the amount of damages awarded the plaintiffs is excessive. The extent of the plaintiffs' injuries and the sum that would fairly compensate them for it were questions of fact, *Macchiaroli* v. *Howell,* 294 Mass. 144, and once these facts have been determined, they are not reviewable except in so far as the determination is tainted by some error of law. There being no requests for rulings filed, no question of law can be raised. *Kimear* v. *General Mills,* 308 Mass. 344-349. *Bartley* v. *Phillips,* 317 Mass. 35.

From the record the denial of the motion for a new trial does not constitute an abuse of discretion. **Petition to establish report denied.**

IRVING BROWN
   for the Respondent.
FREDERICK PRITZKER
   for the Petitioner.