*Northern District*

No. 7686

## YALE MANUFACTURING CO.

v.

## REVELATION HAIR DESIGN, INC.

Argued: March 2, 1972 - Decided: Aug. 29, 1972

*Present:* Parker, P.J., Durkin, Mason, JJ.
Case tried to *Troy, J.* in the Municipal Court
of the Roxbury District, No. 60411/1971.

**Mason, J.** This is an action of contract to
recover $432.00 under Count 1 on an account
annexed, and the same amount under Count 2
on a check issued by the defendant.

The defendant's answer consists of a general denial, payment, recoupment for alleged
failure to make cushions according to a specific
size as ordered, and a partial failure of consideration.

The court found for the defendant.

**At the trial there was evidence that** the defendant purchased certain merchandise in the
sum of $1535.57 from the plaintiff on a C.O.D.
basis; issued a check in payment thereof; stopped payment on the check; reissued an additional check, less the sum of $432.00 representing the cost of cushions alleged not to conform
to its order, which are the subject of this action.

**There was testimony that** the plaintiff displayed to the defendant a settee containing six
loose cushions and the defendant ordered
twenty-four (24) cushions of the same style,
but to be made 2″ wider. The cushions displayed
were 19½″ x 19½″, known in the trade as
20″ cushions.

The delivery was on a C.O.D. basis and there

was evidence that the cushions were delivered into the defendant's premises before payment was made. Two (2) cushions were placed on a bench in the presence of the persons who signed the check, and it was obvious that when fitted to the bench they were short. One of the signers of the check then stated to the others present that the cushions would be all right as the carpenter was still there. The check was then given to the delivery man. The following day someone from the defendant corporation telephoned the plaintiff stating that the cushions were not the proper size and should have been 22″ square. The plaintiff contended that the cushions were made as ordered, namely, 2″ wider than those displayed. There was evidence that the defendant ordered cushions of a different size and style from another source on December 25, 1970.

The plaintiff filed the following requests for rulings:

1. There is evidence to warrant a finding for the plaintiff under Count 1 of plaintiff's declaration.

2. There is evidence to warrant a finding for the defendant under Count 2 of plaintiff's declaration.

3. The evidence does not warrant a finding for the defendant under Count 1 of plaintiff's declaration.

4. The evidence does not warrant a

finding for the defendant under Count. 2 of plaintiff's declaration.

5. If the Court finds that the defendant inspected the goods upon delivery and then gave its check to the carrier for payment, then there has been an acceptance of the goods. Gen. Laws Chap. 106, Sec. 2-606.

6. If the Court finds that the defendant fitted the cusions to its equipment, and then retained the same and gave its check for payment of the goods, then the defendant is precluded from rejecting said goods. Gen. Laws Chap. 106, Sec. 2-607.

which were acted upon as follows:

1. Allowed but not sufficient evidence to be a preponderance.

2. Allowed but not sufficient to be a preponderance.

3. Denied.

4. Denied.

5. Denied as a conditional acceptance.

6. Denied as not the facts.

The plaintiff seeks a review of the court's ruling on requests 1, 2, 5 and 6; and the denial of requests 3 and 4.

■ When an action at law is tried without a jury, the judge occupies a dual position; he is the magistrate required to lay down correctly the guiding principles of law; he is also the tribunal compelled to determine what the facts

are. *Hetherington & Sons Ltd.* v. *William Firth Co.,* 210 Mass. 8, 18.

It is not the function of this Division to pass upon the weight of the evidence even though reported in full. The only question for us to decide on that phase is whether upon the evidence, with all rational inferences which might be drawn therefrom, the findings can be sustained. The general finding is conclusive if there is any evidence to support it. *Moss* v. *Old Colony Trust Company,* 246 Mass. 139, 143-144.

When a trial justice denies a material request for a ruling of law, it must be made clear by special findings that such denial was not due to an erroneous view of the law that the evidence was insufficient to warrant the finding referred to in the requested ruling. *Rummel* v. *Peters,* 314 Mass. 504, 517, 518.

The trial justice may allow a request that there is a sufficiency of evidence to "warrant" a finding for the plaintiff and make a finding for the defendant. But when there is a refusal to rule upon the legal effect of evidence it is ground for reversal. *Bresnick* v. *Heath,* 292 Mass. 293, 298, unless rendered immaterial by [special written] findings of fact made by the trial justice contrary to the contention of the requester. *Perry* v. *Hanover,* 314 Mass. 167, 173-176.

When a requested ruling decisive of an issue has been refused and nothing more appears than a general finding for the defen-

dant, the general finding will be deemed the result, implicit in the refusal of the ruling requested, that the evidence did not warrant a finding for the plaintiff. If the evidence did warrant such a finding, the refusal of the requested ruling is error because the plaintiff has been deprived of the right to have the evidence considered upon all the material issues of fact. *Strong* v. *Haverhill Electric Co.*, 299 Mass. 455, 456.

We review the denial of requests numbers 5 and 6.

Request number 5 was properly directed to an issue. A denial of the request, as a conditional acceptance, imports a finding, but with an erroneous ruling of law.

In order to be dispositive of the issue, a factual determination as to the conformity of the order placed by the defendant should have been made. It could be inferred from the evidence that the cushions did not conform. If they did conform, the defendant would be liable; if they did not conform, was there an acceptance? G.L. c. 106, § 2-606(1) states that "acceptance of goods occurs when the buyer: (a) after reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming, or that he will take or retain them in spite of their non-conformity."

There was evidence that the buyer inspected the cushions, measured the cushions to the

bench, gave a check in full payment after knowledge of the alleged non-conformity.

■ A reasonable opportunity to inspect, or a reasonable time to act, generally depend upon the circumstances of each case. If the facts are undisputed, it is a question of law. But where the material facts are controverted and depend wholly or in part upon inferences properly drawn, then the facts are to be determined by the trier of fact. *Cleary* v. *Barlow,* 252 Mass. 101, 104. The trial justice made no general or special findings af fact. Although the Appellate Division makes no findings of fact, the Division may decide the question as a matter of law where but one inference can be drawn from the evidence.

■. We hold that there was an acceptance under G.L. c. 106 § 2-60b(1). G.L. c. § 2-607(1) provides the buyer must pay at the contract rate for any goods accepted. Consequently the burden is on the buyer to establish any breach with respect to the goods accepted. G.L. c. 106 § 2-607(4).

In order for the buyer to be able to revoke his acceptance of the goods for non-conformity, substantial impairment to him of the value of the goods is essential.

Thus, the principal affects of acceptance are to shift the burden of proof, of establishing the breach, to the buyer and to subject the buyer's rights to the limitations stated in G.L. c. 106,

§ 2-608. *Axion Corp.* v. *GDC Leasing Corp.,* 1971 AS 817, 821.

The defendant failed to qualify for the privilege of revocation under G.L. c. 196, § 2-608 (1).

Request No. 6 was denied as not the facts. This is tantamount to finding they were inapplicable to the facts found. There were no findings of fact made. Rule 27 of the Rules of the District Courts (1972) provides that whenever any request for rulings, founded upon evidence shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed. Failure to so find was error.

In allowing request No. 2, the court ruled that there was evidence to justify a finding for the plaintiff, but not sufficient to be a preponderance. This was an erroneous ruling of law. Under the Uniform Commercial Code G.L. c. 106, § 3-306(c) and § 3-307(2) the plaintiff establishes a *prima facie* case by producing the instrument and proving the signatures. Unless specifically denied in the pleadings, each signature on an instrument is admitted. The defendant then has the burden of proof of defenses such as want or failure of consideration. *Loew* v. *Minasian,* 1972 AS 547.

The introduction in evidence of the issuance and delivery to the plaintiff of the defendant's check, its return for non-payment and an admission of signature establish a *prima facie* case for the plaintiff. *Baker* v. *Paeff*, 318 Mass. 366.

Finding for the defendant is vacated. **Finding for the plaintiff is to be entered in the sum of $432.00 on each count, there is to be but one satisfaction.**

BENJAMIN KOROLICK
  for Plaintiff
No brief or argument for defendant