*Northern District*

No. 7832

ANN K. DREEZER

v.

ROSE M. RILLEY and
STEPHEN M. RILLEY

Argued: July 27, 1972 - Decided: Nov. 7, 1972

*Present:* Cowdrey, J., Durkin, Flaschner, JJ.
Case tried to *Dewey, J.* in the First District
Court of Eastern Middlesex, No. 691 of 1969.

**Flaschner, J.** Action of motor vehicle tort
for property damage against alleged owner
Rose M. Rilley, and driver, Stephen M. Rilley.
Trial judge found for the plaintiff against both
defendants in the sum of $221.33.

The evidence set forth in the report is scanty. It does not include any proof of registration or other evidence of ownership in the name of Rose M. Rilley. G.L. c. 231, § 85A is, therefore, unavailing to the plaintiff. Moreover, there was evidence that the defendant, Stephen M. Rilley, was operating the car on his own business. The finding against the defendant, Rose M. Rilley, was error.

The evidence of the accident was that the plaintiff was driving north on a two lane street when the car operated by the defendant, Stephen M. Rilley, entered the street from a parking lot to the plaintiff's left. There was a large trailer truck parked immediately to the south of the parking lot. The right front fender of the defendant driver's car struck the left front fender of the plaintiff's car. There was also evidence that the plaintiff's speed was between twenty to thirty-five miles per hour, while the defendant driver testified he was stopped at the moment of impact. There was damage to the plaintiff's car on the left fender, driver's door and left side.

There is some evidence to warrant a finding for the plaintiff on these facts since the trial judge could have believed that the proximate cause of the accident was the defendant driver's proceeding into the course of the plaintiff's car. It would have been the defendant driver's responsibilty, as he exited from the parking lot, to proceed beyond the parked truck

while it blocked the plaintiff's opportunity to observe the defendant driver's car. Therefore, there was on error in the refusal to grant defendant's request No. 2 that there is no evidence to warrant a finding for the plaintiff.

However, there is error in the damages awarded. The only testimony in support of the finding in the sum of $221.33 came from the plaintiff, and, as set forth in the report is as follows:

> "The plaintiff testified that she bought the car in 1965 for $1,000 and that it was in good condition including the body at the time of the accident. She testified that the car was worth as much three years later as she paid for it: $1,000. She testified that she did not know the value of the car after the accident and before repairs were made."

The foregoing includes no evidence on which to find damages in the sum of $221.33. There was no evidence of diminished value of the plaintiff's car nor any evidence of repair costs.

In Massachusetts proof of damage is an essential element in a tort action. *Sullivan* v. *Old Colony St. Ry.*, 200 Mass. 303. In the instant case the report includes evidence of property damage to the plaintiff's car; only the proper evidence by which to measure the amount of damage is missing. In such a situation the requisite appellate action is to order a new trial on the question of damages only.

*Whipple* v. *Rich,* 180 Mass. 477; *Williamson* v. *Feinstein,* 311 Mass. 322. See *McCormick,* Damages 1306.

Accordingly, **the finding against the defendant,** Rose M. Rilley, **is hereby reversed** and a finding for her is to be entered. **The finding** against the defendant, Stephen M. Rilley, **is hereby affirmed,** but the action against him is remanded to the trial court for a proper assessment of damages.

WALTER G. BILOWZ, ESQ.

for the Plaintiff

CHARLES CORKIN, II, ESQ.

for the Defendant