*Southern District*
App. No. 56
**KENNETH A. HOMEN, et al**
**v.**
**RAIMUNDO CABRAL, et ux**

Argued: Apr. 24, 1973 - Decided: Mar. 13, 1974

*Present:* Murphy, P.J., Lee, Prince, JJ.

Case tried to *Bento, J.* in the Third District Court of Bristol, No. 9733.

**Prince, J.** This is an action in tort to recover for property damage and for lost profits sustained by the plaintiffs when their motor vehicle was struck by a car operated by the defendant, Raimundo Cabral, allegedly causing a loss of use of said motor vehicle and thereby causing the plaintiffs to suffer consequential damages. Plaintiffs allege that the defendants on or about November 18, 1970, were negligent in the operation of their motor vehicle, thereby causing damage to the plaintiff's motor vehicle which was parked on Rockdale Avenue in the City of New Bedford.

The defendants' answer was a general denial, contributory negligence, that the defendant did not have control over the person causing said accident, the Statute of Limitations, and that the plaintiffs were in violation of the General Laws of the Commonwealth of Massachusetts.

The court found for the plaintiffs in the amount of $1750 with interest and costs from July 29, 1971.

At the trial there was evidence tending to show that on or about November 18, 1970, the plaintiffs' motor vehicle, which was a 1960 station wagon, was parked in front of his house and that about five o'clock in the morning, the plaintiffs heard a crash and upon going out to investigate, found the defendant, Raimundo Cabral, unconscious. The plaintiff, Mr. Cardin, testified as to the damage that was done to the motor vehicle and indicated that the motor vehicle has been customized for the purpose of carrying their own scaffolding equipment and other tools for their business, which was putting up aluminum siding, and carpentry and painting. He indicated what repairs and customizing were done and that the purpose of said repairs and customizing was to carry their construction equipment, including poles that were 30 to 32 feet long and scaffolding which weighed approximately 1800 pounds. Mr. Cardin then was qualified as a mechanic and testified he felt his car was worth about $500 prior to the accident and worth nothing after the accident.

Mr. Cardin further testified that they had an agreement with the Homestead Construction Corporation, which agreement called for the payment of $1250 as wages for an aluminum siding, carpentry and painting job. The job

was to begin on November 19, 1970, the day after the accident, and was to take seven to ten days. Cardin went to Hertz and other places to attempt to rent a vehicle, but was unable to get another vehicle to replace his own.

The plaintiff, Mr. Homen, took the stand and corroborated the plaintiff Cardin's story.

One Mr. Maple of Homestead Construction testified that he had an agreement with the plaintiffs to do aluminum siding work and carpentry and painting work, and this work was to begin on November 19, 1970, that is, one day after the accident; that the plaintiffs were to be paid $1250 as wages; that he would supply all materials; that the job was to begin November 19, 1970; and that he had to give the job to a different crew because the plaintiffs were not ready on that day.

The defendant did not testify, but it was stipulated beforehand that in fact Mr. Cabral was the operator of the motor vehicle in question and did in fact hit the plaintiff's motor vehicle.

At the close of the evidence and before final arguments, the defendants submitted the following requests for rulings:

1. The evidence warrants a finding that the plaintiffs are not entitled to any damages arising out of this accident for lost wages or profits because the loss was speculative.

2. The evidence requires a finding that the plaintiffs are not entitled to any damages arising out of this accident for lost wages or profits because the loss was speculative.

3. The evidence warrants a finding that the plaintiffs are not entitled to any damages arising out of this accident for lost wages or profits because they have failed to show that in fact they had a contract which they could not fulfill directly as a result of this accident.

4. The evidence requires a finding that the plaintiffs are not entitled to any damages arising out of this accident for lost wages or profits because they have failed to show that in fact they had a contract which they could not fulfill directly as a result of this accident.

The court denied all of the above requests for rulings and the defendants claim to be aggrieved thereby.

The court made no Memorandum of Findings of Fact.

The report contains all the evidence material to the questions reported.

The question before this Division is whether the trial justice committed prejudicial error in denying the defendants' requests for rulings without making findings of fact.

In argument before this Division, counsel for the defendant specifically waived requests

3 and 4, Consideration is therefore restricted to the action of the trial judge denying requests 1 and 2.

The plaintiffs as witnesses testified concerning loss of a sum of money characterized as wages for a contract job which could not be performed. It was alleged that the inability of the plaintiffs to perform resulted from property damage to their motor vehicle and constituted consequential damages for loss of use. The defendant's requests 1 and 2 sought a ruling that such damages for loss of wages or profits was speculative and should not be awarded as an addition to the diminished fair market value of the vehicle immediately after the accident.

In an action for property damage to a motor vehicle, there are three material elements which must be factually established by competent evidence, to wit.

1. As a result of the accident the vehicle was damaged, and the character, kind, and extent thereof from which it can be reasonably concluded that the vehicle was in such condition after the accident that it was not or could not be repaired and placed in substantially as good condition as it was immediately before the accident;

2. the reasonable market value immediately before the accident; and

3. its reasonable market value immediately after the accident.

■ A plaintiff auto owner should be compensated for all damages to his vehicle proximately resulting from negligence of a defendant, but no damages can be awarded when the particular claim for compensation is not supported by the required proof or is speculative or imaginary. Reporter's Note, *Dreezer* v. *Rilley,* 49 Mass. App. Dec. 182, 186-190. [See: 23 Legalite 464. 19 Legalite 127 and 129. 169 ALR 1074 and 1100].

■ Loss of use of the plaintiffs' motor vehicle for business purposes is a proper question of fact. *Conadis* v. *Haymond,* 94 N.H. 103, 106. To determine the damages for this, it is necessary to decide what was (a) a reasonable time for making the repairs to the vehcile and (b) the value of the use. 25 CJS. Damages, 917 §83, n. 53 and 25A 79, §162 (2). [*Antokol* v. *Barber,* 248 Mass. 393, 396-397].

■ The defendants' requests for rulings 1 and 2 were proper requests for the consideration of the trial justice. His denial of those requests without special written findings of fact was prejudicial error.

The trial justice failed to comply with District Court Rule 27: "Whenever any requests for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find,

upon which such refusal is based, unless the same appears from special findings filed.''

In granting requests, the trial justice is not bound to assign reasons or to make special findings, but in denying such requests he must do more than make a bare denial. Here, he must make clear, definite and detailed findings of fact by or in which he must demonstrate that he considered the evidence upon which the requests for ruling impliedly relates and that upon such consideration the request became inapplicable or immaterial because of the findings. *Dangelo* v. *Farina,* 310 Mass. 758. *Hall* v. *Daggett,* 47 Mass. App. Dec. 28, 32. *Rummel* v. *Peters,* 314 Mass. 504, 517.

When there is a refusal to rule upon the legal effect of evidence, it is ground for reversal *Bresnick* v. *Heath,* 292 Mass. 293, 298, unless rendered immaterial by findings of fact made by the trial justice contrary to the contention of the requester. *Perry* v. *Hanover,* 314 Mass. 167, 173-176. *Yale Mfg. Co.* v. *Revelation Hair Design, Inc.,* 49 Mass. App. Dec. 83.

In Massachusetts, proof of damage is an essential element in a tort action. *Sullivan* v. *Old Colony St. Ry.,* 200 Mass. 303. In this case, the report includes evidence of property damage to the plaintiffs' motor vehicle resulting from the defendants' negligence.

Only the measure of damages used by the trial justice in determining the amount of

the general finding in favor of the plaintiff is affected by the defendants' requests. In such a situation the requisite appellate action is to order a new trial on the question of damages only. *Whipple* v. *Rich,* 180 Mass. 477; *Dreezer* v. *Rilley,* 49 Mass. App. Dec. 182, 186-190.

The finding for the plaintiffs is hereby affirmed but the action is remanded to the trial court for a new trial as to the amount of damages only.

PERRY, HICKS & McCAWLEY
    for Plaintiffs
DESMARAIS, CAREY, BURKE & FLEMING
    for Defendants