*Western District*

## No. 156

## GENERAL ELECTRIC CREDIT CORPORATION
### v.
## ROBERT J. STONE, JR. and DIANE M. KELLER STONE

Argued: Aug. 18, 1975; Decided: Oct. 7, 1976

14

Case tried to *Walsh, J.,* in the District Court of Springfield. No. 215423.

Present: Gould, J. (Presiding); Cimini, Constantino, J.J.

Counsel for Defendant: Kamberg, German and Hendel, Springfield.

**Constantino, J.** This is an action of replevin by writ dated March 8, 1971, in which the plaintiff alleges that it has title and the right to possession of certain articles of furniture. The answer is a general denial and a denial of the plaintiff's right to possession: and placed in controversy the validity of the purchase-price agreements regarding title to the chattels.

There was no denial of signatures or demand for proof on the contracts referred to in the defendant's answer.

At the trial, the plaintiff, through its branch manager, put in evidence a transcript of payments made

by one Robert Stone to the plaintiff showing an outstanding balance of $1228.31 and that this account was in default.

Then the plaintiff, through its branch manager, attempted to introduce into evidence three revolving credit agreements to which the defendants objected. After said objection was upheld, the plaintiff claimed a report. These records were offered as records kept in the ordinary course of business.

The three revolving credit agreements were as follows:

The first agreement dated June 15, 1968 and signed by one Robert J. Stone, Jr., and Diane M. Keller bearing the address of purchasers as #142 Autumn Street, Agawam, Massachusetts, Apt. G, described the merchandise sold as a lounge, table, cabinet clock, dinette with six chairs, lamp, candleholder and shield, for a total price of $893.74 with a down payment of $250.00, leaving a balance of $643.74. This bore the assignment to the plaintiff by Crown Upholstery and Mattress Co., Inc.

The second agreement in the name of Robert Stone was signed by one Robert J. Stone, Jr., dated April 28, 1969 bearing the same address as above, described the merchandise as follows: Bar, table, lamps, bar, 2 stools, 1 lamp, 2 tables, 2 chairs, for a price of $763.75 with no down payment, and bears the assignment by Crown Upholstery and Mattress Co., Inc. to the plaintiff.

The third agreement bearing the same address of the purchasers as the first two, bears no date but is signed by one, Robert J. Stone, Jr., and described

merchandise as wall accessories, 5 items, for the price of $129.73 and also bears the words "ADD ON TO ORIG. NEW ACCOUNT." This also bears the assignment by Crown Upholstery and Mattress Co., Inc. to the plaintiff.

All three agreements contain a reservation of title until merchandise is paid for in full, and also contains a clause giving the right to repossess in the event of default.

There is also a provision that remedies shall be cumulative and not alternative.

The plaintiff offered in evidence each of the three above described revolving credit agreements and also offered in evidence the three delivery orders of Crown Upholstery and Mattress Co., Inc. which accompanied the three revolving credit agreements and bearing the signature of one Robert J. Stone, Jr. as records kept in the ordinary course of business. No further proof was made.

The plaintiff offered no further evidence stating that any further evidence would be futile.

The replevin writ was served upon Robert J. Stone, Jr. of #22 King Street, Agawam, Massachusetts on March 11, 1971. No additional service was made.

The issue to be resolved is whether the trial justice erred in refusing to admit the three revolving credit agreements and delivery records offered by plaintiff. The plaintiff's brief appears to limit the offer of them as records kept in the ordinary course of business under the provisions of G. L. c. 233, §78, and later contends that the court did not reach this point as the case seems to revolve on the question of identity.

The report does state that the records were identified as records kept in the ordinary course of business, but goes on to state that "no further offer of proof was made".

Under the statute four preliminary findings by the justice must be made; (1) that the records were made in good faith, (2) in the regular course of business, (3) before the action was begun and (4) that it was the usual course of business to make the entry or record at the time of the act, or within a reasonable time thereafter. The admission of the records in civil cases imports the necessary preliminary findings by the trial justice. *Greenberg v. Weisman,* 345 Mass. 265, 266 (1963). If they are excluded it will be presumed that the trial justice did not find the necessary preliminary facts to exist. *Day Trust Co. v. Malden Savings Bank,* 328 Mass. 576 (1952). *Osmansky v. Shain,* 313 Mass. 129 (1943). It is sufficient to note also that the credit agreements in question are purported to be assigned to the plaintiff by the Crown Upholstery and Mattress Co., Inc., but there is no evidence in the report that such an assignment was in fact ever made, nor was there any testimony as to how these documents came into the possession of plaintiff or as to the accuracy or reliability of the documents themselves.

On consideration of the record before us no error has been shown. *Staples v. Collins,* 321 Mass. 449, *Sears Roebuck and Co. v. Hinde,* 295 Mass. 110.

**The report will be dismissed.**