Welsh, J.
This is a civil action sounding in tort for property damage to the plaintiffs vehicle caused by the negligence of the defendant. The answer raises, inter alia, the affirmative defense of payment in the sum of $2,500.00.
The case was tried principally on the question of damages; all other defenses were waived at-trial.
The court made a finding for the plaintiff and ordered judgment, as follows: ^Judgment shall enter for the plaintiff in the sum of SEVEN THOUSAND DOLLARS AND NO CENTS ($7,000) with title to the damaged vehicle going to the defendant or his ■ nominee, should the insurer desire to exercise its option under its contract of insurance with defendant. ”
At trial, there was evidence tending to show the following: On October 12, .1979, the defendant’s vehicle collided with the plaintiff’s vehicle, a classic 1968 Shelby Mustang, causing damage to the left rear quarter panel. A search for exact replacement parts proved fruitless. Because the vehicle was a limited edition vehicle, parts available from other Mustangs of about the same year could not be made to fit without some alteration. The plaintiff refused to authorize the use of such panels. The court found that such refusal was proper. There was evidence from the defendant’s expert witness that the diminution in value of the vehicle caused by the accident was $2,500.00. That amount was paid to the plaintiff by the defendant's insurer. The defendant’s appraiser testified that the salvage value of the vehicle after the accident was $2,000.00 The plaintiffs expert stated that in his opinion the salvage value of the vehicle following the accident was $3,000.00.
The court allowed the requests for rulings requested by the defendant. Requests numbered 3 and 11 are set forth in the margin. [2]
*189 The court filed a memorandum of decision, including special findings of fact, as follows:
The plaintiff is the owner of a 1968 Shelby Mustang motor vehicle. This motor vehicle is regarded as a classic of rare vintage and has, therefore, a greater value than similar vehicles of the same age.
On October 12, 1979, the plaintiffs vehicle was struck by a vehicle operated by the defendant while it was parked on a public way in the City of Fall River. The force of the impact carried plaintiffs vehicle about sixty feet from its original position and caused extensive damage to its left rear quarter. Both the plaintiff and the Aetna Casualty and Surety Company, the defendant’s insurer, searched for the exact parts to replace those that were damaged, but without total success. A left rear quarter panel of the same make and year was not to be found either new or used. Two rear quarter panels were located and with alterations, weldings, and application of plastic fillers could have been made to fit the plaintiffs vehicle. The plaintiff properly rejected these two panels, as their installation would not have returned the vehicle to its original condition and would have caused it to lose its unique characteristics that had made it a collector’s item and, therefore, lose a substantial part of its value.
The Court finds that the fair market value of the Shelby Mustang on October 12, 1979 and prior to the accident was $7,000.00 and further finds that its market value unrepaired is $3,500.00. Although the Shelby Mustang is in-operable without repairs, the value of $3,500.00 as testified, is based on its value as a source of spare parts.
The Court also finds that an exhaustive search was made for the left rear quarter without success and that this renders the Shelby Mustang damaged beyond repair. Judgment shall enter for the plaintiff in the sum of SEVEN THOUSAND DOLLARS AND NO CENTS ($7,000.00) with title to the damaged vehicle going to the defendant or his nominee, should the insurer desire to exercise its options under its contract of insurance with the defendant.
A post-trial motion to amend findings was filed by the defendant. The requests for rulings of law and the motion itself sought to direct the court’s attention to the alleged inconsistency between'the finding contained in the court’s memorandum as to diminution in value and the award of damages in the amount of $7,000.00 as well as the failure by the judge to credit the amount assessed with the $2,500.00 already paid to the plaintiff by the defendant’s insurer. The motion was denied.
The defendant, claiming to be aggrieved by the denial of the motion to amend findings and judgment and the court’s disposition of requests for rulings submitted in connection therewith, sought review in this court.
We agree with the defendant that the award of $7,000.00 damages is both inconsistent with the judge’s subsidiary finding as to diminution in value and his acknowledgement that the defendant is entitled to credit for the $2,500.00 paid to the plaintiff, and the court’s failure to reflect the same in its order for judgment.
1. The defendant properly brought the inconsistency to the attention of the court in its motion to amend findings pursuant to Rule 52. The contention that there is an inconsistency between the general finding and the rulings must first be presented to the trial judge by a motion to correct the inconsistency or by a motion for a new trial. Feldman v. Davey Development Co., Inc., 340 Mass. 784 (1959); Vieira v. Balsamo, 328 Mass. 37, 39 (1951). The defendant has complied with the procedural requirement.
The rule of damages in this case is elementary. The proper measure of damages is the diminution in the market value of the plaintiffs vehicle caused by the negligent act of the *190 defendant. Homen v. Cabral, 54 Mass. App. Dec. 62, 68 (1974). Evidently, the judge recognized the validity of this general principle since he allowed the defendant’s requests for rulings on the issue of damages made at the trial.
The judge found that the motor vehicle in question had a fair market value of $7,000.00. He also found that the vehicle had a fairmarket value of $3,500.00 following the accident. The difference between these figures would represent the diminution in value ($3,500.00). Since the defendant’s insurer paid $2,500.00 for the loss and is thus entitled to credit for such payment, the only conclusion possible is that judgment should enter for $ 1,000.00, with interest from the date of commencement of the action and with costs. The judge’s general finding for the plaintiff for $7,000.00 and the order for judgment is clearly erroneous and must be vacated.
2. A further comment is in order relative to the order for judgment. In an action at law, the court is empowered to determine the rights of the parties and to award money damages if liability exists. While a declaration of the rights of the parties as regards title to a chattel such as a motor vehicle might be appropriate in a declaratory judgment suit or some other equitable proceeding, such a determination is not called for in a tort action for damages. Clearly, it was not called for on the pleadings in this case. In determining the damages, the judge should decide what credits the defendant is entitled to from the evidence and deduct such amounts from the total damages he fixes. Here, the judge acknowledged that the defendant was entitled to credit for the $2,500.00 paid but left it to the parties to resolve this between themselves.
We determine that the finding for the plaintiff in the sum of $7,000.00 is to be vacated and the order for judgment reversed. A new judgment is to enter for the plaintiff in the sum of $1,000.00, with interest from the date of commencement of the action.

 3. The measure of damages fbi which the plaintiff can recover in this action is the diminished value of ibe plaintiffs motor vehicle caused by the defendant's tortious conduct. Medford Housing Authority v. Marinucci Bros. & Co., 354 Mass. 699 (1968).
3. Granted
11. Asa matter of law, in computing “determined damages’* under G.L. c. 90, sec. 34 0, the Court must set-off fiom any actual damages the amount of any payments or drafts sent by the msurci to the plaintiff concerning this claim.
11. GRANTED. The parties may deduct $2,500.00 fiom this Judgment which lepiesents the check mailed by the insurer to plaintiffs attorney on March 28. 1980, or this check may be letumed to the insuier and a new check fot $7,000.00 would issue. The procedure, as to hw this aspect of the case is handled by the parties, is left to them.