Cowdrey, P. J.
This is an action in tort in two counts to recover for property damage and personal injuries sustained by the plaintiff when his motorcycle was struck by the defendant’s vehicle on July 7, 1977.
The defendant was defaulted for failing to file answers to interrogatories propounded by the plaintiff.
Prior to the July 22, 1981 hearing for an assessment of damages, plaintiffs counsel mailed a written notice to defendant’s counsel pursuant to G.L.c. 233, §79G that he intended to introduce into evidence two medical bills, copies of which were enclosed. These bills may be described as follows:
*53 No. I: Hunt Memorial Hospital, dated July 7, 1981, in the sum of $2,486.00 for “Admission: 7/7/77 to 7/19/77.” Charges subscribed and sworn to as “necessary, fair and reasonable” by the Patients Accounts Manager.
No. 2: Associates in Anesthesiology and Respiratory Therapy, Inc., dated July 9, 1981, in the sum of $256.00 for “7/8/77 Anesthesiology Fee.” Bill notarized.
These bills were admitted into evidence over the defendant’s objection at the July 22, 1981 assessment hearing. The trial justice ruled that bills numbers 1 and 2 “basically complied with the concept and intent of G.L.c. 233, §79G and were therefore admissible.”
The plaintiff was the only witness to testify at the July 22, 1981 assessment hearing. The plaintiff stated that he had incurred bills number 3 through 10 described below; that he had received the goods and/or services represented by each bill; that he had received these bills; that he recognized each bill and that he had personally paid each bill to the provider of the services and/or goods listed. Bills numbers 3 through 10 were not admitted into evidence, but were utilized as memoranda to refresh the plaintiffs recollection. Over the defendant’s objection, the trial court ruled that the plaintiff s oral testimony as to the amounts paid was admissible. Bills 3 through 10 may be described as follows:
No. 3: Lyons Ambulance Service, dated July 2,1981, in the sum of $120.00 for “7/19/77 Ambulance Service from Hunt Memorial Hospital, Danvers to 5 Longmeadow Road, Beverly; 8/04/77 Chair Car Service from 5 Longmeadow Road, Beverly to Hunt Memorial Hospital, Danvers and return.” Bill notarized.
No. 4: Danvers Pathology Service in the sum of $8.10 for “7/7/77 CBC; 7/7/77 RPR; 7/8/77 Urine Routine.” Sworn to by Office Manager.
No. 5: Joel W. Saks, M.D. in the sum of $1,455.00. Eight separate dates and sums from 7/7/77 to 3/7/78. No treament description. Charges signed and sworn to as “necessary, fair and reasonable” by provider, Joel W. Saks, M.D.
No. 6: Medi-Shack of Danvers, Inc. in the sum of$91.75 for “Rental 8/16/77 through 9/16/77 of Electric Bed, Mattress and Rails.”
No. 7: Medi-Shack of Danvers, Inc. in the sum of $70.00 for “Rental 9/19/77 through 10/19/77.”
No. 8: Medi-Shack of Danvers, Inc. in the sum of $56.40 for “Wheelchair Rental; Adjustable Toilet Frame.”
No. 9: Union Hospital, dated 7/21/77 in the sum of $120.50 for Emergency Service, Physicians fee; X-Rays: and M & S Supplies on various dates in July, 1977.
No. 10: Gould Enterprises, Inc. in the sum of$623.33 for parts and labor on the defendant’s motorcycle. No date.
Damages were assessed under Count 1 of the plaintiff s complaint for personal injuries in the total sum of $28,000.00, which included an award of $4,800.00 for medicals. Damages were assessed under Count 2 for property damage in the sum of $603.33. Judgment was entered against the defendant on Decemeber 28, 1981 in the total sum of $29,423.33.
The defendant thereafter directed an appeal to this Division on a charge of error in the trial court’s admission into evidence of bills number 1 and 2 and of the plaintiff s oral testimony as to the contents of bills number 3 through 10 inclusive.
1. Bills numbers 1 and 2 were not properly admitted into evidence pursuant to G.L.c. 233, §79G. Said statute mandates, in relevant part, that:
“In an action of tort or contract, or for consequential damages arising *54 therefrom, an itemized bill for medical, dental or hospital services to a person injured, subscribed and sworn to under the penalties of perjury by the physician, dentist, optometrist, chiropractor or podiatrist, or authorized agent of the hospital rendering such services shall be admissible as evidence of the necessary, fair and reasonable charge for such services ... (emphasis supplied)”
Bill number 1 is not itemized; bill number 2 lacks attestation by an “authorized agent of the hospital.”
If nothing to the contrary appears from the record, the actual admission of certain hospital and business records and bills pursuant to G.L.c. 233 generally implies a finding that the facts prerequisite to their statutory admission were found by the trial court. Sawyer & Co. v. Southern Pac. Co., 354 Mass. 481, 483 (1968); Sellew v. Tuttle’s Millinery Inc., 319 Mass. 368, 371 (1946); G. E. Credit Corp. v. Stone, 59 Mass. App. Dec. 13, 17 (1976). As it is clear in this case, however, that the preliminary findings of itemization and attestation could not have been made pursuant to G.L.c. 233, § 79G, the admission of bills number 1 and 2 must be deemed error on this appeal. See generally, Riccuitti v. Sylvania Elec. Products, 343 Mass. 347, 351-352 (1961).
Sections 78 and 79 of General Laws c. 233 are statutory exceptions to the hearsay rule which permit certain business and hospital records and bills to be admitted into evidence, under expressly prescribed procedures, to prove the truth of the facts contained therein. Bouchie v. Murray, 376 Mass. 524, 527 (1978); Commonwealth v. Franks, 359 Mass. 577, 579 (1971); Bates Block Assoc., Inc. v. Milady’s Shop, Inc., 3 Mass. App. Ct. 776, 777 (1975). The preliminary, statutory criteria for admission serve as the sole indicia of the truthfulness, reliability and probative value of these records and their contents. A record or bill which does not comply with prescribed requirements and which cannot thus be brought within the terms of the statute must be excluded. See generally, Victim v. Martin, 367 Mass. 404, 408 (1975); Karpowicz v. Manasas, 275 Mass. 413, 419 (1931); Household Fuel Corp. v. Hamacher, 331 Mass. 653, 655 (1954); Kelly v. Jordan Marsh Co., 278 Mass. 101, 111 (1932); Rockwell v. Hertz Truck Rental Corp., 3 Mass. App. Ct. 727 (1975).
2. Similarly, the plaintiff should not have been permitted to testify as to those expenses and charges incurred by him in consequence of bills number 3 through 9. A witness may properly utilize a memorandum which contains hearsay or is otherwise inadmissible to refresh his recollection, Guiffre v. Carapezzi, 298 Mass. 458, 459 (1937; Horowitz v. Bokron, 337 Mass. 739, 743 (1958), because it is his testimony rather than the memorandum which is introduced into evidence. Fisher v. Swartz, 333 Mass. 265, 267 (1955); Commonwealth v. A Juvenile, 361 Mass. 214, 217 (1972); Davis v. Hotels Statler Co., 327 Mass. 28, 30-31 (1951). If the testimony is per se inadmissible, however, such testimony is not rendered competent simply because it is extracted from the witnesses’ revived rather than direct memory.
As noted above, entries in business and hospital records remain hearsay until either qualified for admission’ in accordance with the requirements of G.L.c. 233 or otherwise authenticated. The plaintiffs simple testimonial restatement of the contents of bills 3 through 9 presented nothing more than multiple level hearsay to the court. Moreover, oral evidence of the contents of written documents is violative of the best evidence rule in the absence of a proper foundation for such secondary evidence, including proof that the original document is unavailable. Passanessi v. C. J. Maney Co., 340 Mass. 599, 604 (1960); Fauci v. Mulready, 337 Mass. 532, 540-541 (1958); Howe v. Ware, 330 Mass. 487, 489 (1953); Attorney General v. Ware, 328 Mass. 18, 23 (1951).
*55 3. Finally, the plaintiffs testimony of the motorcycle repair costs incurred by him in the form of bill number 10 should also have been excluded or stricken. The same hearsay and best evidence problems inherent in the plaintiff s recitation of the contents of bills 3 through 9 adhere equally to his testimony as to bill number 10.
In an action to recover for property damage, an owner may testify as to any diminution in value of his personal property if, through his ownership and possession, he has acquired the requisite familiarity and knowledge of the property to form an intelligent estimate of value. Southwick v. Massachusetts Turnpike Auth., 339 Mass. 666, 668-669 (1959); Rubin v. Arlington, 327 Mass. 382. 384 (1951); Meyer v. Adams Express Co., 240 Mass. 94, 95-96 (1921). The record before us is devoid of any suggestion that the requisite and proper foundation was laid as to the plaintiff s competency to testify as to the diminution in value of his motorcycle. See Willey vv. Cafrella, 336 Mass. 623, 624 (1958); Miller v. Danby, 336 Mass. 243, 247 (11957).
Even assuming such competency, we note that the plaintiff did not properly testify as owner to the value of his motorcycle before and after the accident in question, see Tosches v. Sherborn, 341 Mass. 360, 362 (1960); Duran v. Union Freight Railroad, 351 Mass. 391, 392 (1966), but simply restated charges imposed upon him by bill number 10. It is undeniable that repair, replacement and reproduction costs form some evidence of diminution in property market value. Medfored Housing Auth. v. Marinucci Bros. & Co., 354 Mass. 699, 703-704 (1968); Colangelli v. Construction Serv. Co., 353 Mass. 527, 530 (11968); Rowe v. Weymouth, 155 Mass. 439, 440-441 (1892); Dreezer v. Rilley, 49 Mass. App. Dec. 182, 185 (1972). The defendant’s objection to the plaintiff s testimony, however, does not contest its relevancy and weight but its actual admissibility. We concur with the defendant’s assertion that the plaintiff s testimony was inadmissible hearsay.
4. The plaintiff herein was entitled to recover for all property damage and all reasonable and necessary expenses incurred for personal injuries sustained in consequence of the defendant's negligence. Rodgers v. Boynton, 315 Mass. 279, 280 (1943). The extent of this damage and these injuries, and the sum that would fairly compensate the plaintiff for the same, are questions of fact for a trial court. Kinnear v. General Mills, Inc., 308 Mass. 344, 349 (1941); Gilman v. Brown, 45 Mass. App. Dec. 184, 187 (1970).
Evidentiary error having been found, we hereby vacate the trial court’s findings of damages in the sum of $29,423.35 which were awarded to the plaintiff. This cause is remanded for a new hearing on the assessment of damages, and judgment for the plaintiff is to be entered thereon. Kraiterman v. Boston, 303 Mass. 209, 211-212 (1939); Markham Co. Tracers, Inc. v. Issner, 57 Mass. App. Dec. 30, 33 (1975).

So ordered.